**STARLING v. STATE.   (4 Div. 733.)**

(Court of Appeals of Alabama.   June 20, 1922.)

**1. Names ⬡⟿16(2)—Plea of misnomer held demurrable.**

In liquor law violation prosecution, defendant's special plea that his name was not "Starling," as charged, but "Starlin," was demurrable; the names being idem sonans.

**2. Criminal law ⬡⟿351(4), 365(3)—Evidence of resistance to arrest held admissible.**

In prosecution for manufacturing prohibited liquors, testimony of one of the officers, who found the still in operation, that then and there, where the still was being operated, he was trying to arrest accused, and accused shot at him five or six times, detailing how accused would dodge and shoot, was admissible as part of the res gestæ, and as proving flight and a consciousness of guilt.

**3. Criminal law ⬡⟿1170½(2)—Allowing immaterial question held harmless, where answer meaningless.**

In a criminal prosecution, if the question, "Was she [accused's wife] at home, or at defendant's father's house, Sunday before the shooting occurred on Monday?" called for immaterial testimony, allowing the question was rendered harmless by the answer, "Yes, sir."

**4. Criminal law ⬡⟿829(1)—Refusal of charges otherwise covered not error.**

Refusal of requested charges was not error, where, so far as they stated correct propositions of law, they were covered by the given charges, or the oral charge of the court.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Herman Starling was convicted of manufacturing prohibited liquors, and appeals. Affirmed.

Lee & Tompkins, of Dothan, for appellant.

The court erred in sustaining demurrers to the plea in abatement. 5 Port. 266; 59 Ala. 161; 67 Ala. 81; 87 Ala. 194, 6 South. 49; 100 Ala. 42, 14 South. 562; 72 Ala. 220. A witness cannot be impeached as to immaterial testimony. 109 Ala. 45, 19 South. 491; 26 Ala. 104; 134 Ala. 156, 32 South. 273. Counsel discuss other assignments of error, but cite no further authorities.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The defendant, by way of special plea, said that his name was not "Starling," but "Starlin." The names are idem sonans, and the demurrer on that ground was properly sustained.

The corpus delicti was proven, and the defendant by way of defense set up an alibi.

[2] When the state was examining Watford, one of the officers who found the still in operation, the witness was permitted to testify that then and there, where the still was being operated, he was trying to arrest the defendant, and defendant shot at him five or six times, detailing how the defendant would dodge and shoot. It is insisted that this is not a part of the res gestæ. With this contention we cannot agree. Besides, this evidence would be admissible in proving flight and a consciousness of guilt.

[3] The state, over the objection of defendant, was permitted to ask the witness Patterson this question:

"Was she [defendant's wife] at home, or at the defendant's father's house, Sunday before the shooting occurred on Monday?"

This we confess seems to call for immaterial testimony; but, if so, it was rendered harmless by the answer, "Yes, sir," which is no answer at all.

---

⬡⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[4] This disposes of all questions insisted on in brief of counsel, but we have read the refused charges requested by defendant, and the rulings of the court on these are without error. Where the charges refused state correct propositions of law, they have been covered by the given charges, or the oral charge of the court.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.