(97 South. 112)

## HENLEY v. STATE. (4 Div. 886.)

(Court of Appeals of Alabama. June 30, 1923.)

1. **Homicide** ⟜180—**Overruling defendant's question on cross-examination of state witness in irrelevant matter not error.**

In sustaining objection to defendant's cross-examination of state witness as to whether witness had ever seen defendant under the influence of liquor, there was no error; such question seeking to adduce irrelevant, immaterial, and inadmissible testimony.

2. **Homicide** ⟜163(2)—**Sustaining objection to defendant's cross-examination of state witness in improper matter not error.**

In a prosecution for second degree murder, there was no error in sustaining objection to defendant's question to state's witness as to whether deceased was a rum maker; such inquiry being improper.

3. **Criminal law** ⟜1170½(2)—**Error in admitting state's question to defendant's witness as to whether he had seen anything in deceased's hand cured by witness' answer.**

In a prosecution for second degree murder, any error in permitting solicitor, over defendant's objection, to ask defendant's witness, who had testified that he saw both of the hands of deceased, "If there had been anything in his hands, you would have seen that, wouldn't you?" was cured by witness' answer that "It depends on how he held his hands. He could have held it back like that."

Appeal from Circuit Court, Pike County; Arthur B. Foster, Judge.

Arthur Henley was convicted of manslaughter in the first degree, and appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. This defendant was charged by indictment with the offense of murder in the second degree, the indictment charging that he unlawfully and with malice aforethought, but without premeditation or deliberation, killed Jim Catrett, alias Cartright, by shooting him with a pistol, etc. The trial resulted in the conviction of the defendant of the offense of manslaughter in the first degree, and the jury fixed his punishment at imprisonment in the penitentiary for a term of two years. Judgment was pronounced accordingly, from which this appeal is taken.

[1] The first exception noted is as follows: On cross-examination of Allen Sutley, a state witness, he was asked by defendant's counsel, "Did you ever see the defendant under the influence of liquor?" The court properly sustained the state's objection to this question. It sought to adduce testimony wholly irrelevant, immaterial, and inadmissible, and for these reasons there was no error in not permitting the witness to answer.

[2] On cross-examination of state witness R. S. Walden defendant's counsel asked the witness, "Well, Cartright was a rum maker, wasn't he?" This was an improper inquiry, and the court committed no error in sustaining the objection of the solicitor to the question.

[3] If there was any error in the ruling of the court in permitting the solicitor, over the objection of defendant, to ask witness Sam Young, who had testified that he saw both of the hands of deceased, "If there had been anything in his hands, you would have seen that, wouldn't you?" It was cured by the answer of the witness, who stated, "It depends on how he held his hands. He could have held it back like that." The question as framed was objectionable and of doubtful propriety, as it tended to call for a conclusion or an opinion of the witness as to whether or not he could have seen what was in the hands of Cartright if there had been anything in his hands. But, as stated, the answer given by the witness cured whatever error there might have been in permitting the question to be asked. The defendant was not injured in this connection.

No other exception appears to have been reserved to any other ruling of the court upon the testimony. In fact, the only questions presented for review on this appeal have hereinabove been considered and decided. No charges were requested by defendant, so far as the record shows, no exception reserved to the oral charge of the court, nor was there any motion made for a new trial.

Finding no reversible error in any ruling of the court to which exception was reserved, and, as the record proper is also free from error, the judgment of the lower court must be, and is hereby, affirmed.

Affirmed.