(122 So. 699)

**GAINES v. STATE. (7 Div. 483.)**

Court of Appeals of Alabama. April 2, 1929.

Rehearing Denied May 7, 1929.

Merrill & Jones, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The corpus delicti of the offenses charged in the indictment was fully proven, by the undisputed evidence in this case; and it is clear from all the evidence, some of which was in conflict, that the question of the guilt or innocence of this appellant, as charged, was for the sole determination of the jury. The affirmative charge requested by defendant was therefore not in point, and its refusal was proper.

We gather from brief of counsel that the principal insistences of error are based upon the rulings of the court relative to certain remarks of the solicitor during his argument to the jury, and in overruling defendant's motion to declare a mistrial and to continue the case on account of the absence of defendant's only witness. As to the latter insistence, the matter involved rested within the sound discretion of the court. We will not reverse the court here, for it affirmatively appears there was no abuse of this discretion. Defendant was allowed a showing for the absent witness and thereby obtained the benefit of the evidence of said witness.

As to the alleged improper statement of the solicitor in argument, the record shows the following occurred: "The Solicitor during the course of his argument to the jury made the following statement: 'I will say, gentlemen, that showings for witnesses are put in always at the request of the defendant, and in this case this one is put in at the request of the defendant.'" Counsel for defendant objected to the statement and moved the court to exclude it, which objection and motion were overruled by the court, and to which ruling of the court the defendant duly and legally excepted. Thereupon the solicitor made the following statement in his oral argument to the jury: "This showing is put in at the request of the defendant, and I don't admit the truthfulness of it. I don't believe a word of it." Same objection and motion to exclude were overruled, and defendant duly excepted.

It is insisted that these remarks were highly prejudicial and improper, and as a result of the court's rulings we are urged to reverse this case. There is no merit in the insistence as to the first remark complained of, and therefore the question before us is limited to a decision as to whether or not the last remark is within the rule of inhibited, improper, and illegitimate argument. In this connection we are cited to the cases of Hammock v. State, 7 Ala. App. 112, 61 So. 471; Id., 8 Ala. App. 367, 62 So. 322. In those cases the solicitor in addressing the jury stated: "I state to you, gentlemen, that the State's witness told the God's truth when he said he bought that whiskey." This court, upon appeal, reversed the two cases on this point and declined to sanction the propriety of the remarks, and the action of the court in approving them. The writer can distinguish but slight, if any, difference in the import of the remarks here complained of, and that disapproved by this court in the Hammock Cases, supra, as it appears in each instance the expression of the mere belief of the solicitor upon the matters in question. My associates, however, are of the opinion that there is a difference. They think the remarks of the solicitor in the Hammock Case was a statement of fact by the solicitor and that it was unsupported by any evidence and was therefore within the rule announced in Cross v. State, 68 Ala. 476, where the Supreme Court said: "It is only when the statement is of a substantive, outside fact—stated as fact—and which manifestly bears on a material inquiry before the jury, that the court can interfere, and arrest discussion."

Upon questions of this kind, necessarily much must be left to the sound discretion of the court, for a presiding judge is called upon to perform not only a delicate but a most responsible duty when required to interfere with the freedom of argument, which is the privilege of counsel.

The opinion here prevails that the argument complained of does not fall within the well-known and generally accepted rule above quoted (Cross' Case, supra), and that therefore the court committed no error in its rulings in this connection.

No other question is presented upon this appeal. The record is regular.

Affirmed.