142 So. 773

## McNUTT v. STATE.
### 8 Div. 450.

Court of Appeals of Alabama.
March 22, 1932.

Rehearing Denied May 10, 1932.

Seybourn Lynne, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Wade Wright, of Decatur, for the State.

BRICKEN, P. J.

The indictment charged this appellant with the offense of assault with intent to murder one Elbert Brown. The trial resulted in his conviction of an assault and battery, which offense was included in the major charge. The evidence was in sharp conflict, and, as the trial resulted in a conviction of the accused for a misdemeanor, all questions pertaining to the felony charge only may be pretermitted.

Several exceptions were reserved to the court's rulings upon the testimony, but upon examination and consideration of the points of decision in this connection we discover no error in any ruling of the court calculated to injuriously affect the substantial rights of the accused. We are of the opinion that the evidence was amply sufficient to sustain the verdict of the jury and the judgment of conviction pronounced and entered. From the recitations in the record and the evidence adduced upon the motion for a new trial, the court committed no error in overruling this motion. In the first place, the conviction of this appellant was for a misdemeanor only, as stated; therefore, the rules of practice governing the trial of misdemeanors prevailed, and these rules differ in many respects to the rules applicable to trials in felony cases.

Furthermore, a person on trial will not be allowed by his own voluntary act to produce a situation or condition and then undertake to avail himself of the effects of his own wrongdoing. This court will not place the trial court in error for the matter complained of in the motion for a new trial. There is merit, we think, in the insistence of the state wherein it is urged: "If it is to be held that while the court's attention is engrossed in delivering its oral charge to the jury, that a defendant on bail can step into an adjoining room for a second and come back in the court room and take his seat and wait until a jury finds adversely against him and then raise the point that his constitutional rights have been violated and obtain a new trial, then the door is open wide for the practice of fraud, etc." We cannot see how the substantial rights of the accused were impaired by the incident complained of, and, while the writer is ever careful of invoking the provisions of rule 45 in criminal cases, in this instance it appears peculiarly applicable.

There appears no reversible error in any of the court's rulings upon the trial of this case. The judgment of conviction from which this appeal was taken is therefore affirmed.

Affirmed.