143 So. 208

## PATE v. STATE.
### 7 Div. 903.

Court of Appeals of Alabama.
June 30, 1932.

J. J. Cockrell, of Talladega, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

The prosecution in this case originated by affidavit and warrant before a justice of the peace on June 14, 1931; the warrant was returnable to the county court. From a judgment of conviction in the county court, an appeal was taken to the circuit court, and was there tried upon a complaint filed by the solicitor which contained two counts. Count 1 was framed as for a violation of section 3325 of the Code 1923; and count 2 of the complaint as for a violation of section 3328 of the Code 1923. In each instance the counts practically follow the wording of the respective statutes, supra, and, in the oral charge of the court, the trial judge read these statutes to the jury stating that "they were the laws governing in this case."

In the county court and on appeal in the circuit court, counsel for appellant made the insistence that the two sections of the Code, supra, were not in force and effect at the time this prosecution was begun, for that section 3325 of the 1923 Code, had been superseded by section 76, and that section 3328, supra, had likewise been superseded by section 49, of the General Act of the Legislature of Alabama 1927, approved August 23, 1927 (Gen. Acts 1927, p. 348); said act being known as the Alabama Highway Code. Said act contains the usual repealing clause of all laws and parts of laws in conflict with its provisions. This insistence was made in every possible manner, and was directly brought to the attention of the trial court. The court's several rulings in this connection constituted reversible error. This prosecution was improperly instituted under the Code sections, supra. At the time of the alleged commission of the offense, the so-called Alabama Highway Code was in force and effect, and, as there is patent and manifest conflict in the Code sections, supra, with the designated sections 49 and 76 of said Highway Code, both dealing with the same subject, the Code sections in question were superseded and repealed by the express terms of the later enactment. Said Code sections are therefore functus, and a prosecution thereunder at the designated time could not prevail, nor could a judgment of conviction, for the reasons stated, be sustained. These questions are conclusive of this appeal, and render discussion of other points of decision unneces-

sary.  Hill v. State, 24 Ala. App. 239, 133 So. 741.

As to the present prosecution under the existing procedure, no conviction can be had. It therefore becomes necessary for this court to render such judgment as should have been rendered in the trial court, which is accordingly done by hereby reversing the judgment of conviction from which the appeal was taken and rendering judgment here in favor of appellant and ordering his discharge from custody and from all further proceedings in this case.

Reversed and rendered.