183 So. 892

**KENNAMER v. STATE.**

**8 Div. 678.**

Court of Appeals of Alabama.

June 21, 1938.

Rehearing Denied Oct. 4, 1938.

Proctor & Snodgrass, of Scottsboro, for appellant.

A. A. Carmichael, Atty. Gen., and Walter J. Knabe, Asst. Atty. Gen., for the State.

318

RICE, Judge.

Appellant was convicted of the offense of burglary in the second degree. Gen. Acts Ala. 1935 p. 159; Sec. 3481 (1), Michie and Sublett's 1936 Cumulative Supplement to the Michie's Alabama Code of 1928.

■ We think it is now definitely established that testimony as to an effort of one accused of crime to compromise or settle or adjust the charge against him, made after his arrest but before his trial, is inadmissible against him on his trial, *unless* such testimony is as to his "making a voluntary offer of settlement * * * which embodies an express admission of guilt." At least that is the way we read and construe the decision and opinion of our Supreme Court in the case of Harrison v. State, 235 Ala. 1, 178 So. 458—the latest utterance, we believe, by that body, on the subject. Code 1923, Sec. 7318.

■ No scintilla of the evidence, here, was to the effect that appellant, ever, at any time, did or said anything that tended to be an admission by him that he was guilty. On the contrary, all the witnesses examined on the ,subject of the effort by appellant's father—appellant being present —to compromise the charge against appellant, after his arrest, stated categorically that appellant steadfastly denied his guilt.

So all testimony as to this effort to "compromise" the charge against appellant was out of place in the case.

It may be that the net result of the rulings by the court on the taking of testimony in this regard show no injury worked to appellant's defense.

■ But the zealous Solicitor, in his argument to the jury, among other things, stated this: "They come around with a little money, and come around for a compromise and invite us to their office" (referring to a conversation in appellant's counsel's office between the Solicitor, appellant's counsel, appellant, appellant's father, and the Chief of Police of the town where the burglary was committed). And this: "They are up there (referring to above conversation) with a lot of money, because his people have money, they are willing to plank down a lot of money to get him out of it."

Now there was no testimony, we believe, that appellant—for he was included in the "they" used by the Solicitor in his quoted argument—*or* his father, "come around with a little money," or that they were "up there (the place of the conversation, above mentioned) "with a lot of money," or that "his people have money," or that they "were willing to plank down a lot of money to get him out of it." All these matters just were not in the evidence.

The argument quoted was improper, and, we think, highly prejudicial to appellant's rights.

■ Proper objection was made to it, —separately and severally to each quoted portion. The objections were overruled, and exceptions reserved. That presents the question of the propriety vel non of said portions of argument to us. But appellant's counsel, out of an abundance of now unnecessary precaution, made motions, in each instance, which were overruled, to *exclude* same from the jury, —reserving exceptions to *these* rulings. See American Ry. Express Co. et al. v. Reid, 216 Ala. 479, 113 So. 507.

■ It doubtless is yet true that "no iron-clad rule exists by which the prejudicial qualities of improper remarks or argument of counsel can be ascertained in all cases, much depending upon the issues, parties, and *general circumstances of the particular case."* (Italics supplied by us.) Anderson v. State, 209 Ala. 36, 95 So. 171, 178; and that "upon questions of this kind, necessarily much must be left to the sound discretion of the court, for a presiding judge is called upon to perform not only a delicate but a most responsible duty when required to interfere with the freedom of argument, which is the privilege of counsel." Gaines v. State, 23 Ala.App. 166, 122 So. 699, 700.

But when, as here, the statements objected to—prejudicial, as appears—are of

a "substantive, outside fact—stated as a fact—and which manifestly bear on a material inquiry before the jury," our duty to reverse the judgment of conviction because of their allowance seems clear enough. Cross v. State, 68 Ala. 476.

The trial of the case seems to have been conducted, in the main, without error. But for the action of the court in overruling the objections to the portions of the argument of the Solicitor pointed out above, the judgment appealed from is reversed and the cause remanded.

Reversed and remanded.