186 So. 185

### ANTHONY v. STATE.
### 6 Div. 350.

Court of Appeals of Alabama.
Dec. 20, 1938.

Rehearing Denied Jan. 17, 1939.

Morel Montgomery, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and A. L. King, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was charged by affidavit, in the Jefferson County Court, of misdemeanors unmistakably with the offense denounced by Code 1923, Sec. 3328.

Upon his conviction, and appeal to the circuit court, he was tried upon a Solicitor's complaint, likewise, to all appearances, based upon the provisions of this Code, Section 3328.

But said complaint, unchallenged as it was by demurrer, was stated by the learned trial judge in his oral charge to the jury, to embody and set forth the offense denounced by Code 1928, Sec. 1397(51)—not glaringly different—but different—from Code 1923, Sec. 3328.

This fact, i. e., his Honor's said statement to the jury, might have induced us to hold that, as in the absence of demurrer said complaint was perhaps sufficient under the provisions of Code 1928, Sec. 1397

416

(51), the prosecution was, really, under said Code Section.

But when it came to the imposition of punishment the judge returned to Code 1923, Sec. 3328, and imposed the punishment there prescribed.

This leaves no doubt in our minds that appellant was charged, tried, and convicted under the terms and provisions of Code 1923, Sec. 3328, which Code Section, it has been specifically held by this court, has been superseded—repealed—by Section 49 of The Alabama Highway Code (Gen.Acts of Ala. 1927 pp. 348, 365) now found codified as Sec. 1397(51) of Michie's Alabama Code of 1928. Pate v. State, 25 Ala.App. 208, 143 So. 208.

It results that the judgment of conviction must be reversed; and, as no prosecution for the offense claimed can now be maintained, appellant might as well be discharged. And it is so ordered.

Reversed and rendered.