2 So.2d 329

### FLOURNOY v. STATE.

6 Div. 765.

Court of Appeals of Alabama.

May 13, 1941.

J. B. Atkinson, of Clanton, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Prosecution for reckless driving under Section 3328, Code of 1923. This appeal is from a judgment of conviction in the circuit court.

The defendant drove his automobile into the rear of prosecutor's wagon on a highway in Jefferson County, proximately resulting in the partial demolition of the wagon, the killing of the horse, and some temporary injury to the prosecutor.

Generally, an effort of compromise by the accused, or his offer or agreement to make restitution of property the subject of a crime, is not admissible as evidence for or against him. Sanders v. State, 148 Ala. 603, 607, 41 So. 466; Spinks v. State, 14 Ala.App. 75, 76, 71 So. 623.

This rule has its exception, however, in a criminal prosecution where there is proven a voluntary offer of settlement which embraces an express admission of guilt. Harrison v. State, 235 Ala. 1, 3, 178 So. 458.

Conversely, evidence showing an effort to compromise a criminal prosecution which does not embody such admission of guilt is inadmissible. Harrison case, supra; Daugherty v. State, 28 Ala.App. 453, 454, 186 So. 780; Kennamer v. State, 28 Ala. App. 317, 183 So. 892; Ala.Dig., Crim. Law, 408.

There was a complete absence of evidence here that the defendant ever, at any time, did or said anything that tended to admit guilt. Contrarily, it was his constant and consistent contention that the accident was unavoidable, due to the sudden and inexplicable collapse of the braking system of his machine.

So, all of the evidence as to the defendant's offer and effort of compromise and restitution or replacement of the injured property was out of place in the case.

By due and seasonable objection and exception, counsel for defendant sought to prevent it, but the court allowed such proof to be offered by the State. This error is manifest and was calculated to result in substantial injury to the right of the defendant to a fair and impartial trial. For this alone, a reversal is due.

But there is a more vital defect in the case as presented here. When the collision—basis of this prosecution—occurred, Section 3328, Code 1923 (under which the instant affidavit was drawn), had been superceded by Section 49 of the Alabama Highway Code, Gen.Acts of Ala. 1927, pp. 348, 365. Anthony v. State, 28 Ala. App. 415, 186 So. 185; Pate v. State, 25 Ala.App. 208, 143 So. 208. The holding of these cases is to the effect that the older section (3328) had been repealed by the 1927 act. Such a status seems to have been accepted as authentic in the compilation of the 1940 Code, Section 3328 having been omitted from the codification altogether. Section 49 of said Highway Act of 1927, Michie Code 1928, Section 1397(51), appears at pages 354, 355 of the Code of 1940 as Section 3, Title 36.

In view of the foregoing, we think the defendant was entitled to have sustained his motion—or demurrer—taking the point that no offense against the laws of Alabama had been charged against him. In adverse action thereon by the court, error prevailed.

From these observations, it appears that no proper prosecution can be entertained under the charge at bar, so the judgment appealed from is accordingly reversed and judgment here rendered discharging the defendant. Code 1923, § 3259, Code 1940, Tit. 15, § 390; Robison v. State, ante, p. 12, 200 So. 626; certiorari denied 240 Ala. 638, 200 So. 629.

Reversed and rendered.