6 So.2d 399

**PATTY v. STATE.**

**7 Div. 686.**

Supreme Court of Alabama.

Feb. 12, 1942.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman and J. W. Arbuthnot, Asst. Attys. Gen., for the State.

Reed & Reed and F. M. Savage, all of Centre, for appellant.

306

THOMAS, Justice.

The indictment and conviction were for murder in the first degree. The punishment was fixed "at life imprisonment."

No question is presented as to the arraignment, venire or form of verdict. The questions presented for decision on the appeal relate to the introduction of evidence and the refusal of requested charges.

■ The difficulty out of which the death of deceased arose is a part of the res gestae of the homicide, and when the whole evidence is considered, the statement of the defendant in regard to keeping the pigs out of the yard was admissible as a part of the res gestae. Alabama Digest, Criminal Law, ☞365(2).

■ Appellant also insists that the trial court erred in permitting the witness Pope to testify that two hours after the shooting, the defendant made the following statement: "That he was a dead shot. * * * Good marksman and could have drilled him but just winged him." It is settled in this jurisdiction that declarations against his interest by a defendant before or after the commission of a homicide tending to connect defendant with the crime in question are admissible as evidence against him if the same are shown to have been voluntary. The evidence indicates that such is a fact as to the foregoing declarations. Brindley v. State, 193 Ala. 43, 69 So. 536, Ann.Cas.1916E, 177; Alabama Digest, Criminal Law, ☞412(2) and (3).

■ Appellant contends that reversible error was committed in the overruling of objection to the solicitor's argument wherein the latter stated, "that from his manner of testifying and attitude on the witness stand the defendant was a hard man to get along with," and "that the defendant was a man of high temper and bad disposition." This was the mere argument of a solicitor based on the appearance of the defendant as a witness in his own behalf and as related to the facts in the case was a proper observation and the subject of argument to the jury. Arant v. State, 232 Ala. 275, 167 So. 540; Anderson v. State, 209 Ala. 36, 95 So. 171; Canty v. State, 238 Ala. 384, 191 So. 260.

■ Under our decisions counsel are allowed a reasonable latitude in drawing their deductions from evidence and in the arguments to the jury, and the expression of opinion in argument based on the evidence is not grounds for reversal. 23 Corpus Juris Secundum, Criminal Law, § 1102, b. That is to say, as a general rule, it is not "improper to comment on the conduct of the accused or his counsel during the trial, provided the comment is within the bounds of fair argument or inference * * *." Brothers v. State, 236 Ala. 448, 183 So. 433.

■ On the trial of the cause requested charges 9, 10 and 11 were refused, the same being affirmative charges. Such action on the part of the trial court was without error under the respective tendencies of evidence. Stephenson v. State, 28 Ala.App. 418, 185 So. 910.

■ Defendant's requested charges number 12, 13, 14 and 15 were properly refused because each charge ignored the element of defendant's freedom from fault in bringing on the difficulty. Blankenship v. State, 11 Ala.App. 125, 65 So. 860; Morris v. McClellan, 154 Ala. 639, 45 So. 641, 16 Ann. Cas. 305; Johnson v. State, 102 Ala. 1, 16 So. 99; Caldwell v. State, 160 Ala. 96, 49 So. 679; Brewer v. State, 160 Ala. 66, 49 So. 336; Gilmore v. State, 126 Ala. 20, 28 So. 595.

■ When the whole record is carefully considered, we are of the opinion that the appellant received a fair and impartial trial; that the evidence was sufficient to justify the conviction, and that the record as presented shows no manifest error which injuriously affected the constitutional rights of appellant. Ruff v. State, 229 Ala. 649, 159 So. 94.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.