56 So.2d 120

## GAUT v. STATE.

### 6 Div. 361.

Court of Appeals of Alabama.

Jan. 8, 1952.

Fred Fite, Hamilton and J. A. Posey, Haleyville, for appellant.

Si Garrett, Atty. Gen., M. Roland Nachman, Jr., Asst. Atty. Gen., and Wm. H. Sanders, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

The accused was indicted and convicted of carnal knowledge of a girl under twelve years of age. Title 14, Sec. 398, Code 1940.

The defendant did not request the general affirmative charge. Neither did he file a motion for a new trial. In this state of the record the sufficiency of the evidence to sustain the verdict is not presented for our review. Holmes v. State, 35 Ala.App. 585, 50 So.2d 800; Chambers v. State, 31 Ala.App. 269, 15 So.2d 742.

The girl in question was examined by a physician a few hours after the time of the alleged carnal knowledge. The solicitor asked the doctor this question: "From your examination of her, doctor, would you say whether or not someone had had a sexual intercourse with her?" Over general objections the court allowed the answer. It was: "Yes, sir. That would be my opinion."

The witness gave in detail an explanation of his physical examination. From this description the court and jury could not have concluded that the witness entertained a contrary view, or that he had no opinion on the matter. McQueen v. Jones, 226

366

Ala. 4, 145 So. 440; Carroll v. State, Ala. App., 52 So.2d 171.

It may be noted also that the grounds to the objections were only general.

Appellant's attorney, on cross-examination, asked the young lady's mother this question: "I will ask you if you haven't sworn out papers against your husband, Willie B. Harris?"

Mr. Harris did not testify in the proceedings and his interest in or connection with the prosecution was not in any manner disclosed. The record fails to show how such an inquiry could be material.

■ The court properly sustained the objections to the question.

■ There were some other rulings by the court which were against the position of appellant's attorney, but in each of these instances no exception was reserved. Bryant v. State, ante, p. 83, 52 So.2d 403; Holmes v. State, supra.

As the law demands, we have given due study and consideration to this record.

All of the defendant's tendered written charges were given by the court. The trial judge gave a very able and comprehensive oral charge. In fact, the case throughout was tried with evident care, caution, and fairness.

The judgment of the court below is ordered affirmed.

Affirmed.