61 So.2d 865

## DRIGGERS v. STATE.

### 4 Div. 225.

Court of Appeals of Alabama.

Dec. 9, 1952.

Seymour Trammell and Richard Stone, Union Springs, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The indictment in this case charges assault with intent to rape. The jury returned a verdict of guilty as charged.

The alleged assaulted party is Katherine Brantley.

The defendant did not request the general affirmative charge. Neither did he file a motion for a new trial. In this state of the record the sufficiency of the evidence to support the judgment of conviction is not presented for our review. Kincey v. State, ante, p. 301, 55 So.2d 368; Gaut v. State, ante, p. 365, 56 So.2d 120.

On cross examination the prosecutrix testified that she talked to some of her neighbors about the circumstances of

638

the alleged assault. She was then asked: "What did they advise you?" The court sustained the solicitor's objection to the question.

The appellant was privileged to inquire into the interest of the witness, but this right did not extend to proof of any advice or counsel neighbors may have given her.

Appellant's attorney objected to some questions on the grounds that they were leading. We do not conclude that error should be predicated on any of the court's rulings in this aspect. Orr v. State, 225 Ala. 642, 144 So. 867; Millhouse v. State, 235 Ala. 85, 177 So. 556.

■ In some instances the court overruled appellant's objections to questions but the witness did not answer. Clearly, no prejudicial harm could inure to the defendant's right if the witnesses made no reply. Tucker v. State, ante, p. 311, 55 So. 2d 365; Woodard v. State, 253 Ala. 259, 44 So.2d 241.

■ Over appellant's objections the solicitor was permitted to inquire of a witness (mother of appellant) if she did not threaten to do the prosecutrix harm if the latter appeared before the grand jury or testified against the defendant at the trial.

The witness answered in the negative, and the solicitor did not attempt to prove that she did make the threat. The reply was favorable to the accused. This aside, the interest of a witness can be established by making proof in the manner indicated. Mosely v. State, 19 Ala.App. 335, 97 So. 247.

■ Some of the defendant's character witnesses were asked on cross examination if they had not heard that the appellant was tried for burglary and for larceny. The witnesses disclaimed any knowledge of these matters. The rights of the accused were not affected by the interrogations. Helms v. State, 254 Ala. 14, 47 So.2d 276; Knighten v. State, 35 Ala.App. 524, 49 So.2d 789.

It may be pointed out that the inquiry came within the scope of legitimate cross examination of character witnesses. Helms v. State, supra.

We do not find any reversible error in the record.

The judgment below is due to be affirmed. It is so ordered.

Affirmed.