67 So.2d 282

### POUNDERS v. STATE.

### 8 Div. 280.

Court of Appeals of Alabama.

Sept. 8, 1953.

H. Neil Taylor, Russellville, for appellant.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

PRICE, Judge.

Defendant was convicted of reckless driving, in violation of Section 3, Title 36, Code 1940.

The question of the sufficiency of the evidence to support the verdict is not presented. The affirmative charge was not requested, neither was there a motion for a new trial, nor a motion to exclude the evidence. Whited v. State, 27 Ala.App. 466, 174 So. 545; Driggers v. State, 36 Ala.App. 637, 61 So.2d 865.

We have not been favored with a brief for the defendant, but have carefully examined the record, as the law requires, and find no reversible error.

The jury assessed a fine of $25 and as additional punishment for said offense the court imposed a sentence of 60 days in the county jail. The fine and costs not having been paid, nor judgment confessed therefor, the court sentenced defendant to a term of 20 days in the county jail to pay the fine, and sentenced him to an additional term of 69 days in the county jail to pay the costs, at the rate of 75 cents per day, amounting to $51.35.

In Ex parte Hill, 122 Ala. 114, 26 So. 230, the court held: "The sole authority for sentencing a convict to hard labor on account of costs is found in the statutes. Section 5423 of the Code directs that 'when a fine is assessed the court may allow the defendant to confess judgment with good and sufficient sureties for the fine and costs.' Section 5425 provides: 'If the fine and costs are not paid or a judgment confessed according to the provisions of the preceding section, the defendant must either be imprisoned in the county jail, or, at the discretion of the court, sentenced to hard labor for the county,' etc.; the remainder of the section regulating the duration of punishment in proportion to the amount of the fine. This section has been construed as applying only to sentences on account of the fine. Williams v. State, 55 Ala. 166. "The next section (5426) applies particularly to sentencing for costs, and contains the provision that 'if on conviction judgment is rendered against the accused that he perform hard labor for the county, and if the costs are not presently paid or judgment confessed therefor as provided by law, the court may impose additional hard labor for the county for such period, not exceeding ten months as may be sufficient to pay the costs, at the rate of thirty cents per day,' etc."

These statutes now appear in the 1940 Code as Sections 339, 341 and 342 of Title 15, the only material change being the rate of payment of costs, under Section 342, which is now 75 cents per day. No provision appears in such statutes for the sentencing of defendant to the county jail to pay the costs.

A full and complete discussion of the question of the authority of the court under the statute to sentence to hard labor for the costs appears in the Hill opinion, supra, with excerpts quoted in support thereof from the decisions of the court in Ex parte Long, 87 Ala. 46, 6 So. 328, and Ex parte Joice, 88 Ala. 128, 7 So. 3.

In sentencing the defendant the court did not follow the provisions of the Code sections, supra.

The judgment of conviction is affirmed. The cause is remanded for proper sentence.

Affirmed. Remanded for proper sentence.