78 So.2d 665

**Alvin JACKSON**

v.

**STATE.**

**5 Div. 440.**

Court of Appeals of Alabama.

Dec. 7, 1954.

Rehearing Denied Jan. 4, 1955.

Chas. S. Bentley, Goodwater, for appellant.

Si Garrett, Atty. Gen., Arthur Joe Grant, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of manufacturing illicit alcoholic beverages, and of possession of a still.

The tendency of the State's evidence showed that three law enforcement officers

came upon the appellant and his son at a still in Coosa County.

The still was in full operation, and one officer observed appellant holding a glass jug with a funnel in it catching the liquor as it flowed from the still. Three other glass jugs full of whiskey were found at the still as well as several barrels of mash.

Upon being arrested at the still the appellant made a statement confessory in nature, and which, according to the testimony of Mr. Johnnie Mosley, an agent for the Alabama Alcoholic Beverage Control Board, was in pertinent parts as follows:

"* * * he said it is all mine, it dont belong to him, and I asked him, I said, what time did you all get down here and he said, about seven o'clock this morning. After he asked about his boy I told him I could not let him go home, I would have to carry him on, I couldn't release him; then he asked me if he could go in and plead guilty and pay the case off, if he could get it settled and I told him I didn't have anything to do with that, if he made arrangements with the courts and he could get it settled it would be all right with me."

The defense evidence was to the effect that the appellant and his son were out in the woods hunting for mica. They came upon the still and had stopped to examine it when the officers arrived. Both appellant and his son disclaimed any ownership or connection with the still.

Counsel for appellant argues that no proper predicate was laid prior to the introduction of the confessory statements of the appellant.

In this regard we need only say that the record discloses that prior to the testimony of all witnesses testifying to appellant's alleged statements the court was meticulous in requiring every element of voluntariness to be shown. This contention is therefore without merit.

Counsel also argues that that portion of appellant's statement made at the still at the time of his arrest wherein he inquired if he could "go in and plead guilty and pay the case off, if he could get it settled" was in the nature of an offer of a compromise and should have been excluded on a later motion of appellant.

Actually, a reading of the record would indicate that the court did grant appellant's motion to exclude this part of the statement. However, it could be argued that some of the court's statements made in connection with the ruling somewhat beclouded the true picture of just what part was excluded from the jury's consideration. This, aside however the court would have been fully justified in denying the motion.

The statement by appellant, made during the process of his arrest was admissible as part of the res gestae, the arrest being practically concurrent with the commission of the offense. Tillison v. State, 248 Ala. 199, 27 So.2d 43.

Further, while generally efforts to compromise a case may not be shown, yet if such efforts embody an express admission of guilt, as in this case, they may be shown. Daugherty v. State, 28 Ala.App. 453, 186 So. 780; Flournoy v. State, 30 Ala.App. 154, 2 So.2d 329; Kennamer v. State, 28 Ala.App. 317, 183 So. 892.

It further appears that after the jury had retired and entered upon their deliberation the court was informed by the Sheriff that the jury desired to ask the court for further instructions. The attorney for the appellant was sent for, and when the jury was returned into the jury box both the attorney and appellant were present.

One of the jurors asked the court if they should sign the verdict on the yellow paper (verdict forms furnished the jury for convenience), or upon the white paper (the indictment).

The court then instructed the jury that any one of the form verdicts was the paper

to sign. One of the jurors approached the bench as if to sign a verdict, but the jury were instructed to retire to the jury room to make their verdict.

When the jury was first returned to the jury box upon their request for further instructions the appellant was standing in or near a door within four or five feet of the jury box. At some time during the above proceeding the appellant left through the door by which he was standing, walked down a corridor and reentered the court room by a door some twenty-five feet away and sat in a chair facing the jury box. He was in this position before the jury retired for the second time.

Thereafter, counsel for appellant moved for a mistrial on the ground that the jury was instructed without the presence of the appellant. This motion was denied by the court.

It is of course a constitutional requirement that an accused be present at all times during his trial, that is from arraignment to sentence. We have always zealously guarded this right. See Chaney v. State, 36 Ala. App. 374, 56 So.2d 385. We would not however hesitate to apply Rule 45, Code 1940, Tit. 7 Appendix, in this instance if such should be necessary, regardless of our general views as to applying such rule where constitutional rights are involved.

We need not resort to Rule 45 in this instance however, for it is a well settled rule that an accused cannot by his own voluntary conduct invite error and then seek to profit thereby. It would be a sad commentary upon the efficiency of the judicial process if a defendant were to be allowed to render it impotent by actions of his own choosing. See McNutt v. State, 25 Ala. App. 129, 142 So. 773.

Affirmed.

CARR, P. J., and PRICE, J., concur in conclusion only.