88 So.2d 195

**A. L. BUTLER**

v.

**Rosetta P. HUGHES, as Executrix.**

5 Div. 632.

Supreme Court of Alabama.

May 24, 1956.

Rehearing Denied June 21, 1956.

D. Eugene Loe, Montgomery, and Reneau & Reneau, Wetumpka, for appellee.

Geo. P. Howard, Wetumpka, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., amici curiae.

MERRILL, Justice.

Appellee, plaintiff below, instituted this action under the provisions of Title 7, § 123, Code of Alabama 1940, to recover damages for the wrongful death of Sara P. Butler, the wife of appellant. By stipulation of the parties, the case was submitted to the court below on the same evidence adduced in a criminal case wherein the defendant (appellant here) was tried for the murder of his estranged wife and convicted of manslaughter. In the instant case, the court, sitting without a jury, rendered a judgment for the appellee in the amount of $2,500. From this judgment and the judgment overruling his motion for a new trial, appellant brings this appeal.

Appellant first contends that the court below erred in refusing to allow him to introduce evidence as to the character of the deceased for being a violent and dangerous person and evidence as to threats allegedly made by the deceased against the appellant. It is urged that self-defense was in issue at the time he sought to introduce this evidence and that its refusal was reversible error.

■ It is well established in this jurisdiction that after evidence has been adduced in a homicide case tending to show that the defendant acted in self-defense, evidence as to the violent and dangerous character of the deceased and evidence as to previous threats by the deceased against the defendant is admissible. McGuff v. State, 248 Ala. 259, 27 So.2d 241; 11 Alabama Digest, Homicide, ⊙188, 190. Such evidence is admissible in a criminal or a civil case. Cain v. Skillin, 219 Ala. 228, 121 So. 521, 64 A.L.R. 1022.

■ We deem it unnecessary in this case to determine whether the refusal of this testimony was error because, if error, it was not injurious to any substantial right of the appellant. The witnesses from whom appellant sought to elicit this testimony were the first three called by the appellant after appellee rested her case. The judge, in refusing to allow the testimony at that time, stated that he reserved the right to reverse his ruling and allow these witnesses to be recalled if the case "takes such a turn." He further stated: "You have a right to recall them at a later date and examine them along the line that you have been examining them on but at this time I sustain the objection." Later in the trial, after evidence of self-defense had been adduced, counsel for appellee withdrew his objections to the testimony of these witnesses. At that time a rather lengthy colloquy transpired. A portion of it is as follows:

"The Court: * * * If I understand, the Court said at the time that it reserved the right to let it in later and I exercise that privilege at this time in bearing out my statement at that time. The gentleman may call his witnesses if he cares to at this time."

"Mr. Howard: If your Honor please, we do not know whether all the witnesses are available—"

"The Court: We'll get them for you. We will get them for you if you want to use them. We will have them brought in. If they are not here and have been excused, the Court didn't excuse them. Somebody other than the Court excused them."

"Mr. Howard: At the present time, we don't care to use them."

"The Court: Very well. Proceed."

The record further shows that two of the three witnesses in question were then present in the witness room. Thus it affirmatively appears from the record that appellant was given the opportunity to recall the same witnesses and have the benefit, if any, of their testimony and that he refrained from making use of this opportunity.

If there was error by the trial court in sustaining objections to the questions by the defendant, it was cured, because, after the rejection and during the progress of the cause, the court reversed its ruling and offered the defendant an opportunity to introduce the evidence, and this is the rule even

when the party declines or refuses to avail himself of the opportunity. Morrow v. Parkman, 14 Ala. 769; Davis v. Anderson, 163 Ala. 385, 50 So. 1002. Our decisions in criminal cases are of similar import. In Cleveland v. State, 86 Ala. 1, 5 So. 426, 430, where the plea was self-defense, the court, Chief Justice Stone writing, said:

> "We consider it unnecessary to pronounce on the ruling of the trial court in first disallowing proof of Popham's character for violence and bloodthirstiness. At a later stage of the trial, when additional testimony had been given in, the court permitted this species of proof to be made. This healed the first error, if any had been committed." See Dumas v. State, 159 Ala. 42, 49 So. 224, 133 Am.St.Rep. 17; Peterson v. State, 227 Ala. 361, 150 So. 156, certiorari denied 291 U.S. 661, 54 S.Ct. 439, 78 L.Ed. 1053; Oliver v. State, 24 Ala.App. 292, 134 So. 892, certiorari denied 223 Ala. 167, 134 So. 894.

█ Appellant urges error in the admission into evidence of Exhibit number 16. According to the record, there were 29 exhibits before the trial court in the instant case and jury in the criminal case. A few of them are contained in the record before us, but most are missing. Exhibit 16 is not copied in the record, nor has it been separately certified to this court under Supreme Court Rule 41, Code 1940, Tit. 7 Appendix. We cannot, therefore, say the trial court erred in admitting it. Starkey v. Bryant, 257 Ala. 557, 59 So.2d 796.

Appellant next contends that the court erred when it refused to permit him to bring out all of a conversation after the State had adduced a part of it. The question before us is whether the State brought out a part of the conversation in the following instance:

On direct examination appellant's witness, Luster, testified as to the reputation of the deceased and as to a threat made by the deceased against the appellant. On cross-examination she was asked whom she had heard talking about the deceased. She replied that she had heard her son, for one. Then:

"Q. And your son said she had a bad character. A. Well, she upset him.

"Q. She upset him. A. Yes, sir.

"Q. Did she and your son have a little spat? A. I don't know sir. He told me one day, he said—

"Q. I didn't ask you that. I didn't ask you to say what he told you about the details, just whether or not they had a difficulty. A. No, sir.

"Q. They didn't have any difficulty. All right. Your son for one told you. Now did anybody else tell you? A. Told me what?

"Q. That she was a bad woman and had a bad character. A. Well, I don't know how many told me but I— I can tell you about how she upset my son.

"Q. Don't go into any details, Just —you didn't like her then, did you? A. Well, I didn't have no grudge against her."

On redirect examination the court sustained the State's objection to the question "what did your son tell you about her?"

█ This ruling was proper. It has long been established that either the state or the defendant has the right to cross-examine the other party's character witness as to the foundation of his opinion, in order to shed light upon the weight and credibility of his testimony. Since character manifests itself by the manner in which one is esteemed, spoken of, or received in society, it is always permissible, on cross-examination, to ascertain the extent of the witness' information, and the data from which he draws his conclusion. De Arman v. State, 71 Ala. 351; Pierce v. State, 228 Ala. 545, 154 So. 526; Morris v. State, 234 Ala. 520, 175 So. 283. Viewing the testimony quoted supra in the most favorable light to appellant, it cannot be said that the State went into the details of any conversation between

the witness and her son, other than to establish that a conversation did take place. Under these circumstances the appellant was not entitled to show what the son said in the conversation with the witness. Provident Life & Accident Ins. Co. v. Black, 15 Ala.App. 437, 73 So. 757.

 Lastly, appellant contends that the court erred in overruling his objection to a question to the sheriff as to whether defendant's car, where it was parked, was "conspicuously noticeable" from the highway. The answer was:

"I would say that driving along the highway there, looking ahead that you wouldn't see the car. You would have to turn your head and look in that direction to see it. You could see it from the highway, but you would have to turn your head and look in that direction. You wouldn't see it going up or coming down the highway driving alone."

The court's ruling was correct for two reasons; first, "The question called for testimony which had been previously given by the same witness without objection," Mobile City Lines, Inc., v. Hardy, Ala., 86 So.2d 393, 394 [1]; Whitfield v. Birmingham Trust & Savings Co., 244 Ala. 526, 14 So.2d 137; King v. State, 21 Ala.App. 229, 107 So. 797, certiorari denied 214 Ala. 305, 107 So. 797. Secondly, assuming that the question called for a conclusion rather than a short hand rendition of the fact, the answer given by the witness cured whatever error there might have been in permitting the question to be asked, because he detailed the facts instead of giving a categorical answer to the question and appellant was not thereby injured. Birmingham Waterworks Co. v. Ferguson, 164 Ala. 494, 51 So. 150; Henley v. State, 19 Ala.App. 307, 97 So. 112. Long before the adoption of Supreme Court Rule 45, this court, speaking through Chief Justice Brickell in Callan v. McDaniel, 72 Ala. 96, stated the rule that:

"There can not be a reversal of a judgment, because improper questions are propounded to witnesses, unless it is shown that in response to them improper evidence was elicited and admitted."

We have treated the assignments of error argued in brief, and having found no reversible error, the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.