109 So.2d 738

**Robert HAYNES**

v.

**STATE.**

**3 Div. 22.**

Court of Appeals of Alabama.

Nov. 25, 1958.

Rehearing Denied Jan. 6, 1959.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for the State.

Morris A. Burkett and Arthur J. Reid, Montgomery, for appellant.

PRICE, Judge.

Appellant was convicted on an indictment charging him with receiving, concealing, etc., one Johnson outboard motor, of the value of $465.00, the personal property of J. N. Chisholm, knowing it was stolen and not having the intent to restore it to the owner.

Before the trial defendant moved to quash the indictment upon the grounds that "it does not affirmatively show that the crime was committed within the three years last passed prior to the indictment" and, "does not sufficiently describe the property which defendant is alleged to have bought, received, concealed or aided or concealing."

■ Under Section 237, Title 15, Code, it is unnecessary to allege that the offense was committed within the preceding three years, it being sufficient to aver that it was committed before the finding of the indictment. See 12 Ala.Dig., Indictment and Information, ☞87(3) for numerous cases.

■ The description of the property substantially follows that of the description of the article set out in the Code form of indictment and was sufficient. Title 15, Section 259, Form 91.

■ Moreover, "Error cannot be predicated upon the overruling of the motions to quash the indictment; it is a matter of discretion with the trial court whether it will put the defendant to his demurrer or plea in abatement, as the case may be." Canto v. State, 15 Ala.App. 480, 73 So. 826, 827; Mosely v. State, 1 Ala.App. 108, 56 So. 35; Johnson v. State, 134 Ala. 54, 32 So. 724; Pynes v. State, 207 Ala. 395, 92 So. 663.

■ Appellant's motion to quash the jury venire on the ground that Mr. John Chisholm, the owner of the property the subject of the indictment, was a witness before the grand jury which returned the indictment and was also summoned to serve on the venire to try appellant was properly overruled.

In support of his motion appellant called as a witness Mr. John R. Matthews, Circuit Clerk of Montgomery County, who testified that Mr. Chisholm was excused from jury duty before the jury was empanelled, because he was over sixty-five and exempt from such duty; that Mr. Chisholm appeared as a witness before the grand jury, but he did not know in what case. Besides, no fraud in drawing or summoning the jurors was alleged. Title 30, Section 46, Code 1940; Burns v. State, 246 Ala. 135, 19 So.2d 450; Beatty v. State, 36 Ala.App. 699, 63 So.2d 287.

Appellant's motion for a change of venue was denied. The grounds of motion were that he could not receive a fair trial in Montgomery County because of the recent newspaper and television publicity given the charges against him. In support of the

motion for a change of venue appellant introduced newspaper articles. These exhibits appear in the record. They refer to appellant, identified as a turkey farmer and part time Sunday School teacher, as a member of a "ring" consisting of teen-agers involved in various burglaries and adults who were acting as "fences" for the stolen property.

Appellant introduced Mr. G. E. Maxwell, who testified that what he remembered about the newspaper articles was that appellant had been arrested and that he was a turkey raiser and Sunday School teacher. On cross examination he testified he was a practicing attorney from Tennessee and that he did not believe the fact that a person was a part·time Sunday School teacher and a turkey raiser would affect his being given a fair trial.

Mr. O. H. McIntyre testified the articles would influence his thinking toward a case; that if he had not known defendant personally the fact that he was a Sunday School teacher and supposed to be a leader of young people, and yet was implicated in causing those young people to go astray, would prejudice his verdict if he were a juror.

Mr. J. A. Godwin testified he read the articles; that the papers wrote it pretty heavy; that it would be hard for him to give defendant a fair trial after reading the articles; that if he were under oath to give appellant a fair trial he would have to do so.·

Defendant introduced eight affidavits, all in the same language, which stated, in effect, that each affiant had read the newspaper articles and that "The emphasis was of such degree and intensity that his business and name should be materially affected," and that "It appeared to me as if the newspapers were trying to place Robert E. Haynes in an unfavorable light in the community."

■ "A change of venue is granted only when it is clearly shown that a fair

and impartial trial may not be had in the county in which the indictment is found. Facts and circumstances rendering such a trial improbable must appear. The mere belief of the party applying, or of the witnesses he is enabled to produce, that such trial can not be had will not suffice." Jackson v. State, 104 Ala. 1, 16 So. 523, 524. The burden is on defendant to prove to the reasonable satisfaction of the court that a fair and impartial trial could not be reasonably expected. Baker v. State, 209 Ala. 142, 95 So. 467. In our opinion the defendant failed to meet this burden. Maund v. State, 254 Ala. 452, 48 So.2d 553, and cases there cited.

Defendant made two motions for a continuance, which were overruled. One of the motions was based on the same grounds as the motion for a change of venue, that he could not have a fair trial because of the recent publicity given him. The other motion was on the ground that only twelve days had elapsed since the return of the indictment, which was insufficient time to prepare his defense.

■ The granting or refusing of a motion for continuance is largely within the sound discretion of the trial court and the exercise of such discretion will not be disturbed except for abuse. See 6A Ala.Dig., Criminal Law, ⊜⟶586.

In Walker v. State, 265 Ala. 233, 90 So. 2d 221, it was held that the trial court did not abuse its discretion in refusing to grant the motion where the court appointed attorney had ten days in which to prepare the case for trial.

■ The record shows that the defendant here was arrested on the charge in March, indictment returned on May 18 and trial begun on May 30th. We find no abuse of discretion.

Counsel insists the absence of accused during the hearing on the motion for a change of venue necessitates a reversal of the judgment of conviction.

The record shows the following occurrence during the hearing of the motion prior to actual trial:

"Judge Carter: Do you want the defendant to be in here, I noticed he is not?

"Mr. Reid: That is up to the State; it is immaterial to the defense.

"Mr. Thetford: I don't care whether he is or not—let's wait and let him be in here.

"The Court: I don't think it is necessary, but still it is his case and I think he ought to be in here."

The second occasion appears in the record as follows:

"The Court: If it is agreed and understood that the defendant does not want to be present when a motion is being tried—

"At this time the defendant returns to the Hearing room."

■ In Berness v. State, 263 Ala. 641, 83 So.2d 613, 616, the court said:

"It is fundamental that a defendant has the right to be present at every stage of his trial for the commission of a felony. His presence is in fact essential to the validity of his trial and conviction unless there has been a clear and unequivocal waiver of this right by defendant." See also Ex parte Bryan, 44 Ala. 402.

■ It is also well established that "a criminal defendant in a non-capital felony case may waive his continuous presence at the trial. But this waiver must be of an affirmative and positive nature and made by him personally, as for example when he voluntarily absents himself from the courtroom during the conduct of his trial." Berness v. State, supra. See also McNutt v. State. 25 Ala.App. 129, 142 So. 773, certiorari denied 225 Ala. 282, 142 So. 774; Jackson v. State, 38 Ala.App. 114, 78 So.2d 665. We are of opinion the defendant waived his right to be present in this instance.

Judge Eugene W. Carter, Circuit Judge of Montgomery County, heard the arguments and ruled on appellant's preliminary motions. The case was tried before special Judge Heirston L. Foster. There appears in the record an agreement between defendant, his attorney and the Solicitor authorizing Mr. Foster to act as special Judge, under the provisions of Section 124, Title 13, Code, and Section 160 of the Constitution.

Counsel insists in brief that appellant was tried by two Judges and that "In a felony case, after trial has commenced before the duly elected Judge, an agreement for a special Judge to finish the case is ineffective, in the absence of a legal disqualification of the regular Judge, and the statute providing for special Judges to sit is not operative unless the regular Judge is shown to be legally disqualified."

■ This contention has no merit. If no objection is raised in the trial court to the authority of a special Judge, selected under the provisions of the Constitution and statute, supra, "on appeal all possible objections in that connection are deemed to have been waived, and the appellate court must conclusively presume that his selection or appointment was in all respects regular, and in strict compliance with the requirements of law obtaining in the premises." Roberts v. State, 126 Ala. 74, 28 So. 741, 743, 30 So. 554. See also Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582.

The State's evidence tended to show that Mr. Chisholm's 25 horsepower motor, of the value of from $300 to $400, was stolen by William Head and Allen Hurt, and sold by them to defendant for $125.00. According to Head and Hurt, before defendant bought the motor they told him it was stolen, and that defendant pulled the tag containing the serial number off the motor. Head also testified that defendant "told us he was going to make out the check and the way he was going to do it, he said he was going to say that a guy, one of the Air Force people

came by and wanted to sell him this motor. He said he was going to make out the check so in case the police started investigating anything he would have an alibi for the motor;" that appellant said he would make the check payable to Carl Smith and would write the check with his right hand and endorse it with his left hand; that witness saw a check made payable to Carl B. Smith when he later went with the policemen to defendant's house.

Defendant testified he was in partnership with his father in the business of raising and selling turkeys; that on February 11, 1957, a man came to his house and bought a turkey and asked if defendant would like to buy an outboard motor, which the man had in the back of his station wagon. Defendant bought the motor, a 25 horsepower Johnson, for $125.00; that he paid the man by check for the motor and that the photostat introduced in evidence was a copy of that check; that the man, who he thought was stationed at one of the military bases in Montgomery, gave as his reason for selling the motor that he was on his way to a port of embarkation for overseas duty; that defendant made out the check to Carl B. Smith and then gave Smith cash for the check because Smith was leaving town; that the next day he made a special trip to his bank and cashed the check; that he showed the original check he gave for the motor to Detectives Shows and Ward when they came to his place of business but it has been lost or misplaced and he was unable to produce it at the trial; that when he showed the original to the detectives his endorsement was on the back, just as the photostatic copy shows; that he did not say to William Head that to get around the police he was going to issue a check in the name of Carl B. Smith; that he didn't tell Head he could write with his left hand and could place an endorsement on the check that couldn't be detected; that he was not furnished a bill of sale to the motor. Defendant stated he took the motor to the lake the following week after he bought it and that several people saw it while it was in his possession; that

he kept it in his sales room open to view of the general public. Defendant stated that he was William Head's Sunday School teacher; that at one time Head tried to borrow $40 from him, and when he refused he threatened him about the motor. Defendant also introduced copies of his State and federal income tax returns showing income of $6935.36 in 1956.

Defendant introduced evidence showing the reasonable market value of a 25 horsepower Johnson Electric Motor, 1954 model, to be between $250.00 and $295.00, as of February 11, 1957.

Rhonda McIntyre testified she lived next door to defendant; that defendant showed her the motor and told her he bought it from Carl Smith who came to his house with Bill Head; that defendant said Smith was a Captain stationed at the base; that she was not sure whether he said Head was with Smith when he bought the motor.

O. H. McIntyre testified defendant showed him the motor in February; that it was kept in the sales room; that he was present when the detective came and looked at the motor; that he saw defendant show the detective a check, which was the original and not a photostatic copy; that he heard Bill Head say, "This is the place I removed the serial number from the motor."

Defendant introduced testimony as to his good general reputation and his good reputation for truth and veracity in the community.

Betty Austin, a rebuttal witness for the State, testified she is a teller at the branch office of the Union Bank and Trust Company on Mt. Meigs Road; that she cashed a check for defendant in February, the photostat being a copy of the one she cashed; that the check was dated February 11, for the amount of $125.00, payable to Carl B. Smith; that there were two endorsements on the back; that Carl B. Smith was en-

dorsed in ink and Robert E. Haynes was endorsed in pencil.

William R. Culver, head teller for the Union Bank and Trust Company, testified he made the photostat of the check; that the photostat has two endorsements on the back—one of Carl B. Smith and one of Robert E. Haynes; that the top endorsement of Carl B. Smith is the heavier; that in his best judgment the top endorsement was made in ink and the bottom endorsement was possibly in pencil; that every check that goes through that bank is photostated; that an endorsement could not be erased from the photostat but an endorsement in pencil could have been erased from the original after it was returned to the writer of the check.

Jack D. Shows, a city detective of Montgomery, testified appellant told him he bought the motor from an airman for $125.-00 and showed him the original check he said he gave for it; that at that time only one endorsement, that of "Carl B. Smith" appeared on the back of the check; that appellant said he gave the check to Carl B. Smith and did not know where Smith got the check cashed; that appellant did not tell him that he cashed the check for Smith.

George Perdue, Jr., testified he is a special agent with the office of Special Investigation, United States Air Force; that in the month of April he made inquiry at the request of Mr. J. D. Shows of the City Police Department to determine whether or not a Carl B. Smith had been, within six months prior to that time, stationed at either Maxwell or Gunter Field Air Force Base and could find no record of his having been stationed at either base.

 Recent possession of stolen goods places upon accused the burden of explaining his possession. If he fails to make a reasonable explanation a presumption of guilt arises which will support a verdict of conviction. The reasonableness of his explanation concerning his posses-

sion is a question for the jury. Hoggle v. State, 36 Ala.App. 703, 63 So.2d 289.

 The facts and circumstances shown here presented a jury question and were sufficient to sustain the judgment of conviction. There was no error in the court's denial of the motion to exclude the State's evidence, refusal of the affirmative charge nor in overruling the motion for a new trial.

Thomas Gilmore, who worked for defendant on the turkey farm, testified he performed his customary duties on the day the motor was bought and that defendant never left the farm that day.

Appellant argues in brief that the court erred in its rulings during cross examination of the witness, as follows:

"Q. He said he gave the man this check for that motor, he wasn't telling the truth because you were looking at him all day * * *

"Mr. Reid: We object to that.

"Mr. Smith: Cross examination.

"The Court: This is wide latitude cross examination—overruled.

"Q. You were looking at him all day?

"A. I could see him practically all day."

 The question called for a conclusion of the witness and was invasive of the jury's province. Wright v. State, 149 Ala. 28, 43 So. 575. But we agree with the State's contention that no error can be predicated on the court's ruling, because the question was not answered by the witness. Stephens v. State, 250 Ala. 123, 33 So.2d 245; Driggers v. State, 36 Ala.App. 637, 61 So.2d 865.

The next question asked the witness was:

"Q. If he told on the stand he gave that check to the man he bought that motor from, he wasn't telling the truth —you didn't see it."

**114**

Defendant's objection was overruled and the witness answered: "But he did not leave the place that day."

If there was error in permitting the question to be asked, it was cured by the answer of witness, since no inadmissible evidence was elicited or admitted. Henley v. State, 19 Ala.App. 307, 97 So. 112; Starling v. State, 18 Ala.App. 610, 93 So. 221; Butler v. Hughes, 264 Ala. 532, 88 So.2d 195.

Charges refused to defendant were abstract, incorrect principles of law, otherwise faulty, or were substantially and fairly covered by given charges or the court's oral charge, and were refused without error.

Appellant objected to portions of the court's oral charge. The court either clarified or extended the charge. No exceptions were assigned. The original exceptions were waived. Beddow v. State, 39 Ala.App. 29, 96 So.2d 175; McFarling v. State, 35 Ala.App. 191, 45 So.2d 322.

Counsel are authorized to argue to the jury any inferences which they think are properly drawn from the evidence. Patty v. State, 242 Ala. 304, 6 So. 2d 399; Bryson v. State, 264 Ala. 111, 84 So.2d 785; Alexander v. State, 37 Ala. App. 533, 71 So.2d 520.

During argument to the jury the Solicitor said: "When the check was returned from the bank he took that pencil and erased that endorsement, written in pencil—." Defendant objected and the court ruled the Solicitor could make that argument. We are of opinion, under the evidence, the Solicitor's argument was not improper.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.