Theft of property in the first degree — habitual criminal treatment; sentence; life imprisonment.
Around 6:45 A.M., on January 3, 1980, John Wood, president of Wood Fruitticher Grocery Company, arrived at his place of business in Birmingham and discovered one *Page 1107 
of his delivery trucks was missing. He reported the theft to the police.
Later in the morning, Nasrin Murphy, Jr., an employee of the company, was driving another delivery truck when he saw the missing truck being driven by the appellant, a person he knew was not an employee of the company. Murphy knew the truck was missing and within moments he found a police car in a nearby parking lot and reported his observations to the officers. The missing truck was stopped by the officers a short distance away and the appellant was arrested.
 I
Upon being questioned by Birmingham Police Sergeant Earl Melton, the appellant admitted stealing the truck. Counsel for the appellant contends that the questioning of appellant improperly continued after he had requested to see his attorney. It is clear that the appellant requested to confer with his attorney after he made the inculpatory statement in question.
The evidence shows a proper voluntariness predicate and a full explanation of the appellant's rights per Miranda v.Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The record reveals a knowing and voluntary waiver of those rights and further reveals that no statements of the appellant made after he requested to see his attorney were offered or admitted into evidence. The trial court therefore cannot be put in error for admitting into evidence a properly predicated inculpatory statement merely because at a later time, after making the statement, the appellant requested to see an attorney.
 II
Appellant contends the trial court erred in receiving the verdict of the jury in the absence of the appellant.
The record clearly reveals that while the jury was deliberating, the appellant absconded and the trial court had to issue a forfeiture on his bond and issue a capias for his arrest. Counsel for appellant then merely moved for a mistrial without stating any grounds. The motion was overruled and when the jury returned its verdict, the trial court then ascertained that the jury was unaware that the appellant had fled, and that fact had no bearing on their verdict whatsoever.
Where a defendant in a non-capital case voluntarily absents himself from his trial, the trial may continue without him being present. Taylor v. United States, 414 U.S. 17,94 S.Ct. 194, 38 L.Ed.2d 174 (1973). The appellant cannot voluntarily absent himself from his trial and then profit by his misconduct by obtaining a new trial on that premise. Aldridge v. State,278 Ala. 470, 179 So.2d 51 (1965); Dixon v. State, Ala.Cr.App.,357 So.2d 690 (1978).
 III
Counsel for appellant contends the trial court erred by "failing to grant the defendant's plea in abatement" as to a misnomer in the indictment. There are several reasons why the trial court did not err in failing to rule on that plea:
1. The plea was not verified as required by § 15-15-42, Code of Alabama, 1975.
2. The record does not show that the plea was ever brought to the attention of the trial court, or for that matter when it was filed. Furthermore, there was no objection in the record to the failure of the court to rule on the plea and thus, no ruling for appellate review. Heard v. State, Ala.Cr.App.,351 So.2d 686 (1977); Mitchell v. State, Ala.Cr.App., 338 So.2d 524
(1976).
3. The plea merely stated that: "There is no Wood 
Fruitticher Grocery Company, Inc., licensed to do business in the State of Alabama." Thus, the plea did not allege a misnomer, but merely "no license." Certainly, theft may be alleged in an indictment against an unlicensed as well as a licensed company. Although we take it that appellant was attempting to allege a misnomer, it certainly is not apparent on the face of the plea in question.
We ascertain from appellant's brief and from his motion at the end of the *Page 1108 
State's case in chief that he contends there is no ampersand in the name of the company. The name of the victim in an indictment is for the purpose of informing the defendant of the charge against him and what he will be called upon to answer. It is to enable him to prepare with some certainty his defense against a specific charge for a specific act or omission on his part. Buckley v. State, 19 Ala. App. 508, 98 So. 362 (1923). The test is whether the typographical error in the victim's corporate name was such an error as to mislead a person of common understanding and leave him in doubt as to what was intended to be charged. Sanders v. State, 278 Ala. 453,179 So.2d 35 (1965); Henry v. State, 57 Ala. App. 383, 328 So.2d 634
(1976). Here, we deem the insertion in the victim's corporate name of "" is not such an error as to mislead the appellant or to leave him in doubt as to what he was charged with.
 IV
Alabama's habitual offender statute, § 13A-5-9, Code of Alabama, 1975, is constitutional and is not applied ex postfacto. Watson v. State, Ala.Cr.App., 392 So.2d 1274 (1980);Smith v. State, Ala.Cr.App., 392 So.2d 1273 (1980); Williams v.State, Ala.Cr.App., 393 So.2d 492 (1981).
 V
On the sentencing hearing, the State called as a witness, Jeanette Hopkins, supervisor of records in the criminal division of the Jefferson County Circuit Clerk's office. She authenticated certified copies of case action summary sheets in four prior cases showing felony convictions of the appellant. On offer of introduction of those documents, State's Exhibits Nos. 1 through 4, the following occurred:
 "MR. JOHNSON: We would object to those, Your Honor, on the basis that this is not the best evidence.
 "THE COURT: Are you making an issue of the fact that they are certified copies as opposed to the original?
"MR. JOHNSON: Yes, sir.
"THE COURT: Overruled."
Counsel's above objection was merely on the ground that the exhibits were certified copies rather than original records. Section 12-21-35, Code of Alabama, 1975, provides for a certified copy of a public record being admitted into evidence where authenticated by the custodian of such record. This is a statutory exception to the best evidence rule and the trial judge was not in error for overruling the objection on the ground stated. Counsel is bound by the grounds stated on making objections in the trial court. Franklin v. State, Ala.Cr.App.,357 So.2d 364, cert. den., Ala., 357 So.2d 368 (1978).
Later, at the end of the testimony in the sentencing hearing, counsel moved to exclude the testimony concerning the prior convictions, stating his ground more clearly:
 "Your Honor, we would move to exclude all this testimony on the basis on the Smithers [sic] vs. State case and Robinson vs. State, that the best evidence is the original court record and may not be proved by any other evidence or testimony of any other person."
Only through that motion has counsel been able to raise the issue of whether a prior conviction may be proved by use of certified copies of trial docket sheets or case action summary sheets rather than by certified copies of minute entries as required by Palmer v. State, 54 Ala. App. 707, 312 So.2d 399
(1975) and Hall v. State, Ala.Cr.App., 352 So.2d 8, cert. den., Ala., 352 So.2d 11 (1977).
We find that Act No. 1037, Acts of Ala. 1971, p. 1847, approved September 7, 1971, provides that in Jefferson County the orders entered by the circuit judges on what were then commonly called trial sheets, "shall have the same force and effect as Minutes of the Circuit Courts. . . ." Act No. 1037 is a general act of local application applying to all counties having a population of 500,000 or more. It was enacted prior to the decision in Peddycoart v. City of Birmingham, Ala.,354 So.2d 808 (1978), and therefore is a valid statute. *Page 1109 
State's Exhibits 1 through 4 were properly admitted pursuant to Act. No. 1037, supra. Each exhibit was authenticated by the custodian of those records. Each exhibit showed on its face a prior felony conviction of the appellant. Each exhibit showed on its face that appellant was represented by counsel as required by Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258,19 L.Ed.2d 319 (1967). The trial court made findings in the record to this effect. Likewise, law enforcement officers were called as witnesses and identified the appellant as the person named in each one of those records of conviction. We therefore find no error on the part of the trial court.
AFFIRMED.
All the Judges concur.