Appellant Larry Darnell Young, convicted of third degree burglary, was sentenced, under the Habitual Felony Offenders Act, to 30 years' imprisonment. He prosecutes this appeal on two grounds.
 I
Appellant contends first that the court erred when it proceeded to conclude his trial in his absence. During the trial, the appellant failed to return from the luncheon recess. The court delayed the case over two hours waiting for the appellant to come back. Finally, over appellant's attorney's objection, the trial resumed. The court conceded that if the appellant's failure to return was through no fault of his own, a new trial would be in order. During the remainder of the trial, no mention was made of the appellant's absence. At the conclusion of the state's case, appellant's attorney renewed his motion for a mistrial or in the alternative a motion for a continuance. He also moved for a directed verdict, contending that the state had failed to prove the elements of burglary in the third degree. These motions were denied.
After the jury retired and moments after they had sent a message that they had arrived at a verdict, the bonding company agents brought the appellant in and surrendered him. Appellant stated that his car had broken down. The jury verdict of "guilty as charged" was received.
It is hornbook law and fundamental to our system that a defendant is entitled to be present at every stage of his trial. It is also true, however, that a criminal defendant in a non-capital felony case may waive his right to continuous presence at trial. This waiver must be made by him personally and must indicate an affirmative intention to waive his presence as, for example, by voluntarily absenting himself from the trial itself. Haynes v. State, 40 Ala. App. 106,109 So.2d 738, cert. denied, 268 Ala. 546, 109 So.2d 746 (Ala. 1959).
A defendant's voluntary absence from trial of a non-capital case does not void the proceedings up to that point, nor prevent the trial court from trying the case to conclusion.Taylor v. United States, 414 U.S. 17, 94 S.Ct. 194,38 L.Ed.2d 174 (1973). A defendant who absents himself from his trial proceedings may not later seek to profit from his own action by attacking the validity of the judicial process. Thomas v.State, 395 So.2d 1105 (Ala.Crim.App. 1981); Dixon v. State,357 So.2d 690 (Ala.Crim.App. 1978).
In Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250,56 L.Ed. 500 (1912), the Court stated what has become a long-standing and well recognized rule pertaining to absent defendants:
 "[W]here the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present, and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." 223 U.S. at 455, 32 S.Ct. at 260.
The appellant was gone about four hours. He did not call to attempt to notify the court of his whereabouts or any problem *Page 210 
he might have had. There was no indication that he intended to take the witness stand himself. His attorney made no offer of proof as to what his testimony would have been had he been present. No other witnesses were presented by the defense. The record indicates that this case was scheduled and rescheduled several times before the date of trial.
The court properly considered the appellant's history of failure to appear in judging the probable validity of his excuse in this instance. We find that the trial court did not abuse its discretion in denying the motions for continuance and mistrial. Dixon, supra, at 699. The appellant voluntarily waived his right to be present at trial. He cannot by voluntary absence defeat the system.
 II
Appellant next contends that the trial court erred in its failure to charge the jury on the elements of trespass in the second degree. Young asserts that one of his theories of defense supported the giving of a charge on that offense. The record contains no evidence to support a theory that appellant was guilty of nothing more than entering a building. The commentary to the statute on trespass in the second degree, Code of Alabama 1975, § 13A-7-3, suggests that this section applies if an "unauthorized intruder is found in a building but the prosecution is unable to show that he intended to commit a crime therein." There was substantial evidence in this case that the appellant did intend to commit a crime inside the Johnson Auto Sales office. He was seen going through desk drawers. Items which belonged in those drawers were found in his pockets when he was arrested. He had also loaded a trash can with a television and a police scanner and would apparently have stolen them had the alarm not been activated. No theory of defense as regards second degree trespass was ever offered.
In light of the foregoing, the judgment is due to be affirmed.
AFFIRMED.
All the Judges concur.