Appellant, Lionel L. Wade, was indicted by the Houston County Grand Jury for the burglary of the East North Street Grocery in Dothan, in violation of § 13A-7-7, Code of Alabama 1975. During the burglary, Jax Beer was taken from the cooler and two coin operated machines were broken into. Appellant was subsequently convicted of the burglary, and was sentenced to a term of imprisonment of 20 years, and a fine of $5,000.
 I
Appellant argues first that the search of his home was illegal because none of the exceptions to the requirement of a search warrant was established. The testimony of Officer Robert Jenkins clearly shows that the search of the residence was with the consent of appellant's wife. The pertinent portion of that testimony was as follows:
"Q. When you arrived, was the defendant there?
"A. No, sir, he wasn't.
"Q. Was the defendant's wife there?
"A. Yes, sir.
"Q. What did you do when you got there, please, sir?
 "A. We advised her who we were and what we were looking for and she took us into the house where we located some Jax beer in the refrigerator and recovered that beer."
From this testimony is is evident that the search was consensual and as such was valid. See Daniels v. State,290 Ala. 316, 276 So.2d 441 (1973); Myers v. State, 431 So.2d 1342
(Ala.Cr.App. 1982), cert. denied, 431 So.2d 1346 (Ala. 1983).
 II
Appellant contends that he was denied his Sixth Amendment right to compulsory process to procure the attendance of a witness.
The record clearly reveals that the instanter subpoena was not sought by appellant until the morning of trial. This court has held that "[t]he constitutional assurance of compulsory process for obtaining witnesses in one's favor is not to be construed in practice as to permit the accused to secure delay by applying for process at the last moment." Pritchett v.State, 445 So.2d 984 (Ala.Cr.App. 1984). *Page 595 
This court has also held that, where compulsory process is sought, the defendant should make some showing that the substance of the testimony of the witness would be favorable to the defendant. Reese v. State, 338 So.2d 495 (Ala.Cr.App. 1976). See also, Dale v. State, 466 So.2d 196 (Ala.Cr.App. 1985).
Due to the fact that the appellant delayed until the morning of trial to request the instanter subpoena and then made no showing that the testimony of the witness would be favorable to appellant, we find no error in the trial court's decision refusing to require the witness to attend.
 III
As his final issue appellant contends that the trial court erred when it proceeded to conclude his trial and sentence him in his absence.
It appears that prior to the conclusion of the trial the appellant left the courtroom during a recess and did not return. It has long been held that, in a non-capital case, when a defendant voluntarily absents himself after a trial has begun, his absence may be perceived as a waiver of his right to be present. Moreover, the proceedings prior to his absence are not nullified and the court is free to proceed with the trial to its conclusion as if the defendant were present. Diaz v.United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912);Taylor v. United States, 414 U.S. 17, 94 S.Ct. 194,38 L.Ed.2d 174 (1973); Thomas v. State, 395 So.2d 1105 (Ala.Cr.App. 1981).
This court has also held that a defendant may not voluntarily absent himself from his trial and then later profit from his actions by obtaining a new trial. Thomas, supra; Dixon v.State, 357 So.2d 690 (Ala.Cr.App. 1978).
For the foregoing reasons, we find no error in the trial court's decision to proceed with the trial and to sentence the appellant while the appellant was voluntarily absent from the courtroom.
The decision of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.