Jimmy and Terry Gulledge were convicted for theft in the second degree and sentenced as habitual offenders to imprisonment for terms of thirty and twenty years respectively. On their appeals from those convictions, both defendants raise the same three issues.
 I
Although the entire trial was held in the absence of both defendants, neither defendant was denied his constitutional right to be present during every stage of his trial. Ex parteHammond, 510 So.2d 153, 154 (Ala. 1987); Berness v. State,263 Ala. 641, 644, 83 So.2d 613 (1955). The trial court found that "the defendants did voluntarily and deliberately absence themselves from the trial of said cause." *Page 656 
 "This case came on for trial on the 30th day of March, 1987 as previously scheduled at the preliminary call of the docket. The Defendants being present in open Court represented by their counsel. The Honorable Stan Brown representing Jimmy Gulledge and the Honorable Dan Davis representing Terry Gulledge. The State of Alabama and the Defendants' Attorneys announced ready for trial. The cases were not reached on the 30th day of March and were continued over to the 31st day of March. Due to the Court being engaged in a jury trial, the cases were not reached on March 31st. At approximately 3:00 to 3:30 p.m. on the 31st the Court had reached the point in the jury trial that same would be finished in late afternoon of March 31st. Both defendants were in open Court at that time and the Court made an announcement to the Defendants and their attorneys that their cases would be called for trial at 9:00 a.m. the next morning on April 1st. This Court observed the defendants leaving the courtroom after said announcement was made. Thereafter, the next morning on April 1st at 9:00 a.m., this Court called for trial the case of the State of Alabama vs. Jimmy Gulledge and Terry Gulledge. Said cases having previously been consolidated for trial. Defendants' attorneys were present in open Court, however, the defendants failed to appear. The full jury panel standing by for the trial of said cases. The Court made inquiry from the defendants' attorneys who stated that they had had no contact with the defendants since the previous afternoon. The Court observed the wife of Terry Gulledge and in chambers made inquiry of her as to the whereabouts of the defendants and she stated that she had not seen the defendants since the previous afternoon, that her husband did not come home that night and that she had not heard from him or the other defendant since they left the courtroom the previous day. This Court was made aware by the District Attorney and another co-defendant by the name of Gossett that there had been certain threats made in the nature of intimidating Gossett in the event that he should testify in their cases. Another eyewitness of said cause and another co-defendant had also made complaints to this Court of threats made against them by the Gulledge brothers in the event that they should testify against them in said cause. This Court after some delay recalled the cases for trial at which time the defendants still were not present. This Court finds that the defendants did voluntarily and deliberately absence themselves from the trial of said cause."
The trial began and was completed on April 1st.
In his oral charge to the jury, the judge stated: "The Court has made an investigation outside the presence of the jury, and the Court at this time has not determined any cause or excuse whatsoever that the defendants have not seen fit to be here and participate in this trial."
At the conclusion of the trial court's oral charge to the jury, defense counsel, in making his objection to a portion of the instructions, stated that "we don't know if [the defendants] are voluntarily absenting themselves from the court." The trial court responded, "Well, I'll guarantee you if we find out that they are not voluntarily absent, this Court will take that up on motion being filed by each of the respective defendants." The record contains no indication that any explanation for the absence of either defendant was ever advanced.
A trial court does not commit error in trying a defendant in his absence where that defendant knows the date of the trial and simply fails to appear, and there is no evidence suggesting that the defendant was involuntarily absent. United States v.Schocket, 753 F.2d 336, 339-340 (4th Cir. 1985). "A defendant may not unilaterally set the time or circumstances of his trial, see United States v. Bentvena, 319 F.2d 916 (2d Cir.), cert. denied, sub nom. Ormento v. United States, 375 U.S. 940,84 S.Ct. 345, 11 L.Ed.2d 271 (1963); rather, the defendant bears the burden of justifying his absence from a known proceeding against him." United States v. Sanchez,790 F.2d 245, 249 (2d Cir. 1986) (emphasis in *Page 657 
original). An acknowledgement from defense counsel that there is no evidence of the whereabouts of his client may support the conclusion of the trial judge that the accused has willfully absented himself without a reason. Sanchez, 790 F.2d at 250. See generally 21A Am.Jur.2d Criminal Law §§ 698-699 (1981).
 II
Immediately before the voir dire of the jury venire, the trial court made the following comments:
 "THE COURT: Ladies and gentlemen, this is going to be a case tried without the defendants present. Ladies and gentlemen, this is a case that I have been trying to work around this week. I have had the whole 48 jurors this week in order to try these cases. And I announced yesterday afternoon this case would be called for trial this morning. The defendants — one of the defendants — there were three cases. After I let you go yesterday afternoon, one of the defendants entered a plea of guilty, and I took his plea yesterday afternoon. The other two have not seen fit to show up. They have inconvenienced this jury. This is the first time I have ever had the situation come before the Court. At this time, I am going to go on and try them. One of their wives said she hasn't seen them since yesterday afternoon, and has no idea where they are. Also, evidence has come before this Court that some of the witnesses in the case have been intimidated. I am not going to stand for any such conduct in this court. I am calling the case for trial at this time."
Counsel for both defendants objected to these remarks as "creating a highly prejudicial atmosphere toward our clients." Counsel objected because "it has already created the presumption of guilt of our clients. The fact that he mentioned that a co-defendant had pled guilty. The fact that our clients have absconded. The fact that it was mentioned that there have been threats made against witnesses by our clients." The trial court did not rule on these objections. Defense counsel requested a mistrial because of these remarks. This request was denied.
Clearly, the trial court was justified in offering some explanation for beginning the trial without the presence of the defendants. See Clark v. State, 280 Ala. 493, 496,195 So.2d 786 (1967), appeal dismissed, cert. denied, 387 U.S. 571,87 S.Ct. 2071, 18 L.Ed.2d 967 (1967) (judge commented that defendant's "own conduct" had made handcuffs necessary at trial for "security reasons").
However, the particular comments of the trial court in this case are subject to criticism on a number of grounds. Because one person's guilt or innocence may not be used as substantive evidence for the guilt of another, a trial judge should not inform the jury of a co-defendant's guilty plea entered either before or during the trial proceedings. United States v.DeLucca, 630 F.2d 294, 298 (5th Cir. 1980), cert. denied,450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 819 (1981). "[O]nce the fact of a codefendant's guilt or innocence has been made known to the jury, it is incumbent upon the trial judge to take appropriate corrective action in order to protect the remaining defendants' substantive rights." DeLucca, 630 F.2d at 299.
Here, the error in the court's improper reference to the guilty plea of the third defendant was rendered harmless when evidence of that fact was adduced at trial without objection when that third co-defendant, John Kevin Reeves, testified as a State's witness. "The rule is that testimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent legal testimony to the same effect or from which the same facts can be inferred." Yelton v. State, 294 Ala. 340,342, 317 So.2d 331 (1974). See also Hendrix v. United States,327 F.2d 971, 976 (5th Cir. 1964).
The judge's comment that "some of the witnesses in the case have been intimidated" is subject to criticism because it informs the jury of facts outside of those presented at trial and implies that the defendants were guilty of intimidating witnesses. Any court declaration prejudicing the accused in the minds of the jury is error necessitating a reversal whether the *Page 658 
remarks are made before or after the jury is impaneled.Jarmon v. State, 333 So.2d 897, 901 (Ala.Cr.App. 1976).
However, both defendants argue "that the pretrial remarks by the trial court to the jury venire were highly prejudicial" because "the trial court openly told the jury venire that a codefendant had pled guilty" and no curative instructions were given. On this appeal, neither appellant contends that the court's comments constitute error for any other reason. At trial there was no ruling on their objections or refusal to rule. Since the prejudicial effect of the judge's comments could have been cured by proper instructions, the request for a mistrial was properly denied. Nix v. State, 370 So.2d 1115,1117 (Ala.Cr.App.), cert. denied, Ex parte Nix, 370 So.2d 1119
(Ala. 1979). This Court is not obligated to consider questions or issues not presented in briefs on appeal in a non-capital case. Rule 45B, Alabama Rules of Appellate Procedure.
 III
Both defendants argue that the testimony of the two accomplices was insufficiently corroborated to sustain their convictions. Applying the test set out in Cumbo v. State,368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, Ex parte Cumbo,368 So.2d 877 (Ala. 1979), we disagree.
The defendants were charged with the theft of six tires from the Darby Tire and Battery Company in Pell City. Testimony placed the defendant Jimmy Gulledge in the company of the two accomplices shortly before and after the theft and near the scene of the crime. Other witnesses placed both defendants in the presence of one of the accomplices shortly after and near the scene of the theft.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.