TAYLOR, Presiding Judge.
The appellant, Ronnie Cole, Jr., was convicted of robbery in the first degree and was sentenced to 24 years’ imprisonment.
The state’s evidence tended to show that Annie and Wilson Smith were robbed in their Volkswagen parts store on March 3, 1987. Three men were involved in the robbery. Annie Smith testified that two men entered the shop asking about fuel injectors. Ronnie Cole did all the talking. Both men left the shop saying they had to check something in the car. They returned moments later with a third man. Annie went to the back of the shop for a part. When she returned, Ronnie Cole was standing in front of her with a gun. He told her that they were holding up the store. Annie *630 further testified that she saw one of the men hitting her husband, Wilson Smith, with a steel pipe. A gun was later discovered on the premises with the letters R-ON-I-E C-O-L-E etched on the side.
Appellant presents four issues.
I
Appellant argues that the trial court committed reversible error by denying his motion for mistrial after one of his co-defendants failed to appear from the second day of trial. Specifically, appellant states that the absence of Kelvin Cole “created an implication of guilt.”
Counsel for appellant objected, and then moved for mistrial. However, at no time did appellant’s counsel request that the judge issue a curative or cautionary instruction.
“The trial of one person accused of a crime is not necessarily unfair because other co-defendants are not present at the trial.” 23 C.J.S Criminal Law § 968 (1961). In Gordon v. United States, 164 F.2d 855 (6th Cir.), cert. denied, 333 U.S. 862, 68 S.Ct. 741, 92 L.Ed. 1141 (1947), the Sixth Circuit Court of Appeals dealt with the absence of co-defendants who were in prison. A trial is not unfair merely because the co-defendants are absent as a result of being confined in prison in another state. Id. Further, once a defendant fails to reappear after the trial has begun, he has waived his right to be present. See Wade v. State, 497 So.2d 593 (Ala.Cr.App.1986). The court may continue with the trial. “This court has also held that a defendant may not voluntarily absent himself from his trial and then later profit from his actions by obtaining a new trial.” Id. at 595.
Even though a trial court’s ruling on a motion for a mistrial is reviewable on appeal, Stennett v. State, 340 So.2d 65 (Ala.1976), rulings on mistrial motions are within the discretion of the trial court; they will not be reversed in the absence of a clear abuse of discretion. Ex parte Jefferson, 473 So.2d 1110, 1114 (Ala.1985), cert. denied, 479 U.S. 922, 107 S.Ct. 328, 93 L.Ed.2d 300 (1986). “The entry of a mistrial is not lightly to be undertaken.... The entry should be only a last resort, as in cases of otherwise ineradicable prejudice.” Leverett v. State, 462 So.2d 972, 978 (Ala.Cr.App.1984).
The trial court committed no error in this respect.
Appellant also argues that the court erred in failing to grant a motion for mistrial because of remarks made by the district attorney concerning Kelvin Cole. Appellant cites several pages in the record where the name Kelvin Cole was mentioned. However, none of the references made by the district attorney refers to Kelvin’s absence, but rather to his participation in the robbery. We see no error regarding the mentioning of the co-defendant’s name. The only objection made was to the introduction of a photographic array which included Kelvin’s picture. This objection specifically dealt with the exclusionary rule. Specific objections waive all others not specified. See Murray v. State, 494 So.2d 891, 893 (Ala.Cr.App.1986).
II
The appellant next argues that the trial court erred in not granting a mistrial as a result of remarks made by the district attorney in his closing argument.
The district attorney stated:
“I hope the defendants are glad he’s alive today.. I don’t know that they are. I don’t know if you noticed them during the trial — ”
As appellant cites in his brief, “a motion for mistrial should not be granted where prejudicial qualities of a comment can be eradicated by action of the trial court.” Elmore v. State, 414 So.2d 175, 176 (Ala.Cr.App.1982).
This court stated in Taylor v. State, 408 So.2d 551, 553 (Ala.Cr.App.1981), writ denied, 408 So.2d 555 (Ala.1982):
“[W]e are also reminded that the propriety of arguments of counsel is largely within the discretion of the trial court because the trial court is best able to assess the issues, parties, and circum *631 stances of each case and determine the potential prejudicial impact of the improper argument on the jury.”
In the present case, immediately after the district attorney made the above statement the trial court directed the jury to disregard the remark. The judge then polled the jury to determine whether the statement would affect their decision.
In Peoples v. State, 510 So.2d 554, 565 (Ala.Cr.App.1986), aff’d, 510 So.2d 574 (1987), cert. denied, 484 U.S. 933, 108 S.Ct. 307, 98 L.Ed.2d 266 (1987), this court stated “there is a prima facie presumption against error when a trial judge promptly charges the jury to disregard improper remarks.” The judge sufficiently eradicated the effects of the remarks by taking the above precautions.
Further, the record shows no specific ruling by the trial court. Generally, there must be an adverse ruling to be grounds for a new trial or for review by this court. See McCall v. State, 501 So.2d 496 (Ala.Cr.App.1986). Thus, no error occurred here.
Ill
Appellant also argues that the trial court erred to reversal by failing to suppress statements he made before the trial. A hearing was held on a motion to suppress, and the motion was denied. The next day, when the statements were offered, appellant renewed his objection, this time citing the recent United States Supreme Court decision in Cruz v. New York, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987). The Supreme Court stated in Cruz that “where a nontestifying co-defendant’s confession incriminating the defendant is not directly admissible against the defendant, ..., the confrontation clause bars its admission at their joint trial.” 481 U.S. at 193,107 S.Ct. at 1719. The court then granted the motion to suppress and instructed the attorneys that it would be “limiting any reference to alleged confessions or statements.” No objections were made concerning the trial court’s decision. Neither were any further curative instructions requested by any of the defense attorneys. The court, in its oral charge to the jury, instructed the jury to disregard “anything that was said by any of the attorneys concerning any alleged statements.”
Appellant now argues that as a result of the trial court’s initial refusal to suppress the statements, he was denied a fair and impartial trial because of remarks made by his counsel during voir dire and in the opening statements.
Our examination of the record reveals that the state’s consolidation motion was filed one day after appellant’s suppression motion, but prior to the scheduled suppression hearing. Despite this knowledge, none of the defendants attacked anything other than the voluntariness of their confessions prior to trial. As there was conflicting evidence concerning the voluntariness of the statements, it was left up to the trial judge to resolve the credibility of each witness. Cox v. State, 489 So.2d 612, 621 (Ala.Cr.App.1985). We find that the trial court’s ruling that the confessions were voluntary was supported by substantial evidence and was not clearly erroneous. Therefore, the trial court’s refusal to suppress these statements is upheld.
However, the trial court’s exclusion of the statements at trial was based on the Sixth Amendment’s confrontation clause, and not on the Fifth Amendment’s privilege against self-incrimination. Since only the Fifth Amendment objection was raised prior to trial, the appellant waived all other objections, including any Sixth Amendment objections. “Specific grounds of objection waive all other grounds not specified.” Owes v. State, 512 So.2d 797, 799 (Ala.Cr.App.1987). Moreover, a trial court will not be placed in error on grounds not asserted and, in fact, may consider them waived. Griffin v. State, 500 So.2d 83, 90 (Ala.Cr.App.1986). When appellant did finally raise the Sixth Amendment objection at trial, it was granted. Thus, he has no basis for complaint with regard to this issue.
When the trial court excluded the statements in their entirety, the court instructed the jury to disregard any references made to the statements. The instruction, in theory and by precedent, cured any *632 problems caused by the voir dire questions. The appellant was not prejudiced. We follow and adopt the reasoning of Petty v. State, 548 So.2d 632 (Ala.Cr.App.1989).
IV
Last, the appellant argues that consolidating the co-defendants’ cases for trial resulted in prejudice to him.
A motion to consolidate was granted according to Rule 15.4(b), A.R.Crim.P.Temp., after which appellant filed a motion to sever. This motion was denied. “Once consolidation has been ordered, severance is within the trial court’s discretion.” White v. State, 479 So.2d 1368 (Ala.Cr.App.1985).
According to Rule 15.4(b), severance may be granted if there is prejudice to the defendant or to the state.
“The test of whether a severance should be granted on the ground of prejudice to the defendant is whether under all the circumstances as a practical matter it is within the capacity of the jurors to follow the court’s instructions and to collate and appraise the independent evidence against each defendant solely upon that defendant’s own acts. The trial judge must weigh the prejudice attendant to a joint trial against the interest of judicial economy.” Holsemback v. State, 443 So.2d 1371, 1378 (Ala.Cr.App.1983).
Appellant’s counsel now recites many events during the course of the trial which he says resulted in prejudice to the appellant. However, all of the instances occurred after the judge ruled on the motion to consolidate the defendants’ trials, not before. “Normally a reviewing court determines the correctness of a trial court’s ruling as of the time when it was made and according to what the record of the lower court shows at that time.” Henry v. State, 468 So.2d 896, 899 (Ala.Cr.App.1984). Appellant correctly states that there are exceptions to the Henry rule. However, as stated in Henry, most of these exceptions deal with preliminary questions or pretrial determination on the admissibility of evidence.
Here, the trial court correctly weighed the factors listed in Holsemback and determined that no prejudice existed. Therefore, the trial court did not err in this instance.
Based on the foregoing, the appellant’s conviction is hereby affirmed.
AFFIRMED.
All the Judges concur.