TYSON, Judge.
Edward Thomas was indicted by the Au-tauga County grand jury for the unlawful distribution of a controlled substance, to-wit: cocaine, in violation of § 13A-12-211, Code of Alabama 1975. A jury returned a verdict of “guilty of unlawful distribution of a controlled substance.” Appellant was subsequently sentenced to a term of imprisonment of 30 years, and was ordered to pay restitution in the amount of $230.00 to the Alcoholic Beverage Control Enforcement Board, $200.00 to the Alabama Crime Victims’ Compensation Fund and court costs.
After the defense and State had both rested, the trial court recessed for lunch at 11:45 a.m. The court told the jurors, in the presence of the appellant, that the proceedings would resume “at a quarter to two.” At 1:45 the appellant and his codefendant were not present in the courtroom. The trial court had the Sheriffs Department check to see if there had been any automobile accidents during the period between 11:45 a.m. and 1:45 p.m.
At 2:20 the court met with counsel outside the presence of the jury and determined that the appellant had voluntarily absented himself from the trial proceeding. After objection from appellant’s counsel, the trial was resumed at 2:24 p.m. The basic facts are not at issue and need not be here repeated.
The appellant contends that the trial court erred in denying his objection to proceeding with trial in his absence.
However, the trial court waited approximately 35 minutes after the time appointed for the appellant to appear in court before resuming the proceedings. After a search of the courthouse and a call to the Sheriff’s Department, the trial judge was justified in resuming the proceedings. There was no evidence before the court that the appellant was involuntarily absent from the courtroom.
Furthermore, the only portions of the trial remaining were final arguments and jury charges. The State began closing argument at 2:25 p.m. and the appellant arrived in the courtroom at 2:43 p.m. The appellant’s absence was never commented on before the jury. The trial court was free to proceed with the trial.
As this court stated in Gulledge v. State, 526 So.2d 654 (Ala.Cr.App.1988):
“A trial court does not commit error in trying a defendant in his absence where that defendant knows the date of the trial and simply fails to appear, and there is no evidence suggesting that the defendant was involuntarily absent. United States v. Schocket, 753 F.2d 336, 339-340 (4th Cir.1985). ‘A defendant may not unilaterally set the time or circumstances of his trial, see United States v. Bentvena, 319 F.2d 916 (2d Cir.), sub nom. Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963); rather, the defendant bears the burden of justifying his absence from a known proceeding against him.’ United States v. Sanchez, 790 F.2d 245, 249 (2d Cir.1986) (emphasis in [Sanchez]). An acknowledgement from defense counsel that there is no evidence of the whereabouts of his client may support the conclusion of the trial judge that the accused has willfully absented himself without a reason. Sanchez, 790 F.2d at 250. See generally 21A Am.Jur.2d Criminal Law §§ 698-699 (1981).”
Gulledge at 656-57. See also Wade v. State, 497 So.2d 593, 595 (Ala.Cr.App.1986); Aldridge v. State, 278 Ala. 470, 179 So.2d 51 (Ala.1965).
For the foregoing reasons, we find no error in the trial court’s decision to proceed with the trial in the appellant’s absence. Therefore, this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.