After a bench trial, the appellant, Sean M. Arrington, was convicted of first-degree burglary, a violation of § 13A-7-5, Ala. Code 1975, and second-degree theft of property, a violation of § 13A-8-4, Ala. Code 1975. The trial court sentenced him, as a habitual offender, to serve concurrent terms of fifteen years in prison on the burglary conviction and four years in prison on the theft conviction. See § 13A-5-9(a)(1) and (3), Ala. Code 1975. This appeal followed.
On Friday, November 5, 1999, when his trial was scheduled to begin, the appellant did not appear in court, but his attorney did. At that time, the following occurred.
 "THE COURT: . . . This case was called to trial on Monday, November 1. We selected a jury to come back today, which is Friday, to try this case.
 "On Monday, Mr. Arrington was in custody. We had him brought from the jail. He was present with his attorney while the jury was being selected.
 "We struck four juries on Monday. We began one trial on Tuesday which went all day Tuesday through Wednesday morning. We began the second trial on Wednesday afternoon and finished it Wednesday night. We started another *Page 501 
case Thursday morning and finished it around midday yesterday.
 "The Court has been informed that Mr. Arrington has made bond from jail. He was in the Calera jail. [Defense counsel] has indicated to me that he told Mr. Arrington that he would come by to see him in jail or if he got out of jail to come by and see him.
 "It is my understanding from talking to [defense counsel] this morning that Mr. Arrington has not contacted him since we were in court Monday; is that right [counsel]?
"[Defense counsel]: Yes, sir, that's correct.
 "THE COURT: As I said, the case was called for trial on Monday. The jury was selected. They are here. They are in the courtroom ready to try this case. Mr. Arrington was present when the trial schedule was established. He was aware of when his trial was. And the Court finds that he has voluntarily waived his right to be present by his nonappearance this morning.
 "I have had — the sheriff's office has contacted the Calera jail. They have been informed that he is not there. We have contacted our jail here in Chilton County and he is not there. We have contacted the Shelby County jail and he is not there either.
 "So the Court — well, one, I'm going to revoke his bond in this case and enter a forfeiture and alias. I'm going to deem his nonappearance this morning as a voluntary waiver of his right to be present for trial.
 "Further, since Mr. Arrington was present throughout the selection process of the jury, was aware that he had a jury coming back this morning to try his case, the Court finds that his nonappearance this morning constitutes a knowing, voluntary waiver of his right to trial by jury.
 "What I'm going to do in a few minutes is I'm going to go back in the courtroom and release the jury. And we are going to try this case nonjury in absentia.
 "[Counsel], you have some objections that you would need to make?
 "[Defense counsel]: Yes, sir. Objection to Ruling Number 2. My client has not waived his right to be present since he is not here. He could have been in an accident. He has not contacted me personally or anyone else related to the court.
 "And objection to Ruling Number 3. He certainly hasn't waived his right to a jury personally or in writing.
 "THE COURT: Okay. Objections are certainly noted for the record.
 "The Court finds that logically it flows that when the defendant was present for the jury selection process that he knew when to be here. That he is, to the best of our knowledge, not in jail anywhere else. That he certainly had an opportunity to be here. And that he is knowingly and intentionally giving up his right to be present as well as giving up his right to a jury trial.
"So we will go do that.
 "[Prosecutor]: For the record I would like to add that one reason the State concurs with you, we feel that Mr. Arrington knowingly fled the jurisdiction because Chilton County does have outstanding warrants.
 "THE COURT: Okay. Thank you. I had forgotten that, [Prosecutor]. Appreciate it."
(R. 4-8.)
 I.
The appellant argues that the trial court erroneously found that he waived his right to be present during the remainder of the trial. Specifically, he contends that he was not present at any point during the trial and that "[s]uch a waiver may not be inferred if the defendant has never appeared at trial." (Appellant's brief at p. 5.) Rule 9.1(b)(1), Ala.R.Crim.P., provides, in pertinent part: *Page 502 
 "[A] defendant may waive the right to be present at any proceeding . . .:
". . . .
 "(ii) By the defendant's absence from any proceeding, upon the court's finding that such absence was voluntary and constitutes an understanding and voluntary waiver of the right to be present, and that the defendant had notice of the time and place of the proceeding and was informed of the right to be present."
In Calhoun v. State, 530 So.2d 259, 261-62 (Ala.Crim.App. 1988), we addressed a similar situation as follows:
 "Appellant first contends that his absence from the voir dire examination of the jury venire and the jury selection proceedings constituted error. We disagree.
 "The court called the docket at 9:00 a.m. and indicated that appellant's case was `either to be the second or third case for trial, possibly the fourth, depending on some pleas to fall in front of it.' It appears that the court then had the members of the jury venire stand and identify themselves and give their occupations and their spouses' occupations. It can be inferred from the record that all the defendants, including appellant, to be tried that day were present with their counsel during this proceeding. Apparently, the court then proceeded with voir dire examination and jury selection in another case, during which time appellant left the courthouse. There is nothing in the record to indicate that his absence was not voluntary.
". . . .
 "A defendant is entitled to be present at every stage of his trial; however, in a non-capital felony case, he may waive his right to continuous presence. Young v. State, 455 So.2d 208 (Ala.Cr.App. 1984). This waiver must be made by him personally and must indicate an affirmative intention to waive his presence as, for instance, by voluntarily absenting himself from the trial itself. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); Berness v. State, 263 Ala. 641, 83 So.2d 613 (1955); Young v. State, supra; Haynes v. State, 40 Ala. App. 106, 109 So.2d 738, cert. denied, 268 Ala. 546, 109 So.2d 746 (Ala. 1959). Where the offense is not capital, a defendant's voluntary absence, after the trial has begun in his presence, does not void the proceedings up to that point nor prevent the trial court from trying the case to conclusion and operates as a waiver of his right to be present. Taylor v. United States, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); Diaz v. United States, supra; Young v. State, supra. A defendant who voluntarily absents himself from his trial proceedings may not later seek to profit from his own action by attacking the validity of the judicial process. Thomas v. State, 395 So.2d 1105 (Ala.Cr.App. 1981). . . .
". . . .
 "In the instant case, appellant was present when his trial commenced. The trial commenced when the jury venire was initially assembled and asked the general questions pertaining to identification and occupations. Thereafter, appellant voluntarily absented himself from the proceedings. We are of the opinion that appellant waived his right to be present in this instance."
Similarly, in this case, the appellant was present during the jury selection process, but did not return for the presentation of evidence and arguments. Also, nothing in the record indicates that he was not voluntarily absent. Accordingly, the trial court properly found that the appellant waived his right to be present during the remainder of the trial.
 II.
The appellant also argues that the trial court erroneously found that, by not appearing for the remainder of the proceedings, he waived his right to be tried by a jury. "Defendants in all criminal cases *Page 503 
shall have the right to be tried by a jury." Rule 18.1(a), Ala.R.Crim.P. However, in certain circumstances, a defendant may waive his right to a trial by a jury.
 "When the defendant is tried in circuit court other than on appeal for trial de novo, waiver of the right to a trial by jury must be made by the defendant in writing or in open court upon the record and with the consent of the prosecutor and the court. Before accepting a waiver, the court shall
address the defendant personally in open court and shall
advise the defendant of his or her right to a trial by jury, and shall ascertain that the waiver is knowing, voluntary, and intelligent. . . ."
Rule 18.1(b)(1), Ala.R.Crim.P. (Emphasis added.) The Committee Comments to Rule 18.1 explain the rationale behind the rule requiring an affirmative waiver:
 "Section (a) recognizes a defendant's fundamental right to a trial by jury. This right has been jealously guarded in Alabama through the Alabama Constitution, by statute, and by case law. Art. I, § 6, Alabama Constitution of 1901, provides in pertinent part `That in all criminal prosecutions, the accused has a right . . . [to] a speedy, public trial, by an impartial jury of the county or district in which the offense was committed. . . .'
 "More emphatically, Art. I, § 11, Alabama Constitution of 1901, provides, `That the right of trial by jury shall remain inviolate.' (Emphasis added.) The phrase `shall remain inviolate' has been interpreted to mean that the state is forbidden `through the legislative, judicial, or executive department — one or all — from ever burdening, disturbing, qualifying or tampering with this right to the prejudice of the people.' Gilbreath v. Wallace, 292 Ala. 267, 271, 292 So.2d 651 (1974); Alford v. State, 170 Ala. 178, 54 So. 213
(1910). Finally, Amendment No. 328, § 6.11, to the Alabama Constitution of 1901 (the Judicial Article), illustrates that the right to trial by jury remains inviolate. That section permits the Alabama Supreme Court to promulgate rules of court practice and procedure with the limitation that `the right of trial by jury as at common law and declared by Section 11 of the Constitution of Alabama of 1901 shall be preserved to the parties inviolate.'"
Because the appellant did not affirmatively waive his right to a trial by a jury in writing or on the record in open court, the trial court improperly concluded that he had waived that right. Therefore, we reverse the trial court's judgment and remand this case to the trial court for proceedings consistent with this opinion. See Coughlin v. City of Birmingham, 701 So.2d 830
(Ala.Crim.App. 1997).
REVERSED AND REMANDED.
Long, P.J., and McMillan, Cobb, and Fry, JJ., concur.