WELCH, Judge.
 

 Damien Eibe Thompson was convicted of possession of a controlled substance, dihydrocodeinone, a violation of § 13A-12-212, Ala.Code 1975. Thompson was sentenced to five years in prison. The trial court also fined him $2,000 as a subsequent offender pursuant to the Drug Demand Reduction Assessment Act and ordered him to pay a $100 assessment to the Forensic Sciences Trust Fund.
 

 The trial was scheduled for August 1, 2007; however, Thompson’s attorney had a conflict because he was scheduled to be in another trial in another county that same day. The Coffee Circuit Court granted a continuance and indicated that it would reschedule Thompson’s trial. Thompson’s attorney notified Thompson that his case would not be going to trial on August 1 and said that he would let him know when the trial was rescheduled.
 

 The trial was rescheduled for August 8, 2007. Thompson’s attorney was notified of the new trial date; however, he was unable to get in touch with Thompson to tell him of the rescheduled date. On August 8, Thompson’s attorney was in court, and the case was called and a jury was struck, but the taking of evidence did not begin on that date. Thompson’s attorney advised the trial court that Thompson was not present. The trial court allowed Thompson’s attorney to try to locate him, but he was unsuccessful in the attempt.
 

 In an order of August 10, 2007, the trial court found that Thompson had notice of that the trial had been rescheduled for August 8, that he had notice of the trial’s location, and that Thompson had been informed of his right to be present at the trial. The court also explicitly found that Thompson’s absence from jury selection “was voluntary and constituted an understanding and voluntary waiver of his right to be present.” (C. 60.) The August 10
 
 *725
 
 order then scheduled the taking of evidence in Thompson’s case to begin on August 17, 2007. A failure-to-appear warrant was also issued for Thompson’s arrest.
 

 Thompson’s attorney then filed a motion asking the court to reconsider or vacate its August 10 order on the ground that the attorney had not been able to get in touch with Thompson and that Thompson had not had notice of the August 8, 2007, date for jury selection in his case. Thompson was not present for trial on August 17, 2007.
 

 In an order of November 19, 2007, the trial court again found that Thompson was aware of the time and place for trial and that he had voluntarily waived his right to be present. The trial court noted that Thompson’s attorney had sent Thompson a letter regarding the time and place of trial. However, our review of the record shows no evidence of the letter.
 

 In the November 19 order, the court also wrote:
 

 “[Thompson] at the hearing acknowledged that he knew the case was set for trial. The case action summary on the court information system indicates notice was sent to the Defendant and his attorney. The Defendant stated at the hearing that his address had changed but he did not notify the court.”
 

 (C. 122.)
 

 The trial court’s order does not specify the “hearing” at which Thompson “acknowledged that he knew the case was set for trial.” In reviewing the record, we find that the only instance in which Thompson appears and addresses the trial court is at the October 5, 2007, sentencing hearing. At the outset of the hearing, the following transpired:
 

 “THE COURT: Mr. Thompson, you understand that you previously had a court date here for a trial, and you didn’t appear for trial? Do you understand that?
 

 “THE DEFENDANT: I wasn’t here, yes, sir.”
 

 (R. 185.)
 

 Thompson’s acknowledgment that he was not at the trial does not equate to an acknowledgment that he knew when his case had been rescheduled for trial. Furthermore, the case-action summary also does not reflect that Thompson was sent notice of the rescheduled trial date. (C. 134-35.)
 

 The record also provides conflicting information from Thompson’s own counsel. At the beginning of jury selection, Thompson’s attorney told the court,
 

 “[Thompson] was at his residence and said he had to go to work [the day of docket call], and I told him I would announce it ready for trial. I don’t know why he’s not here. Like I said, as recent as yesterday, we talked to him to make sure he would be here this morning. We’ve had constant contact with him.”
 

 (R. 8.) After the jury was struck, Thompson still was not present for trial. The trial court asked his attorney whether Thompson had been notified of the trial. The following discussion then took place between Thompson’s attorney and the trial court:
 

 “MR. MOORE [Thompson’s attorney]: My secretary left a message ... with the telephone number that he gave to our office yesterday and told him that there would be a trial today and that he needed to be here. My secretary has not spoken to him personally that I’m aware of. I did not speak to him yesterday. We have in the past—
 

 “THE COURT: Was he previously advised of this trial this week?
 

 
 *726
 
 “MR. MOORE: We told him that court was the 6th, and then we called him back and told him that I would be in Troy doing a trial there and that we’d call him back and tell him when he needed to be here.”
 

 (R. 51.) The trial court then found that Thompson’s absence from the trial was voluntary and continued without him.
 

 Rule 9.1(a), Ala. R.Crim. P., provides that a defendant has “the right to be present at the arraignment and at every stage of the trial, including the selection of the jury, the giving of additional instructions pursuant to Rule 21, the return of the verdict, and sentencing.”
 

 Rule 9.1(b) provides, in pertinent part:
 

 “[A] defendant may waive the right to be present at any proceeding in the following manner:
 

 “(i) With the consent of the court, by an understanding and voluntary waiver in open court or by a written consent executed by the defendant and by the defendant’s attorney of record, filed in the case.
 

 “(ii) By the defendant’s absence from any proceeding, upon the court’s finding that such absence was voluntary and constitutes an understanding and voluntary waiver of the right to be present, and that the defendant had notice of the time and place of the proceeding and was informed of the right to be present.”
 

 The Committee Comments to Rule 9.1(b), as quoted in
 
 Simpson v. State,
 
 874 So.2d 575, 578 (Ala.Crim.App.2003), state:
 

 “Section (b) allows a defendant to waive the right to be present. The defendant may make an express waiver in open court or may waive the right by voluntary absence from the proceeding. See
 
 Taylor v. United States,
 
 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973)
 

 [[Image here]]
 

 “Waiver of the right to be present must be clear and unequivocal. Waiver must be affirmative and positive in nature and made by the defendant personally. Consent or acquiescence of a defendant to a waiver of the right cannot be presumed but must affirmatively appear from the record.
 
 Berness v. State,
 
 263 Ala. 641, 83 So.2d 613 (1955). Thus,
 
 section (b) allows the court to find an implied waiver only when the defendant has been present at the commencement of the trial and fails to appear at some later stage of the trial. Such a waiver may not be inferred if the defendant has never appeared at trial,
 
 except in the case of a minor misdemeanor, which by definition carries no threat of imprisonment. (Emphasis added [in
 
 Simpson
 
 ].)”
 

 The
 
 Simpson
 
 court went on to explain why the Committee Comments stating that a defendant had to be present at the commencement of the trial before an implied waiver could be found are no longer necessarily valid.
 

 “In
 
 Meadows v. State,
 
 644 So.2d 1342 (Ala.Crim.App.1994), this court considered whether a defendant charged with a felony could be tried
 
 in absentia
 
 if he was not present at the beginning of trial. We held that, in the absence of affirmative evidence indicating that a defendant has voluntarily waived his right to be present, a defendant charged with a felony cannot be tried
 
 in absentia
 
 if he is not present at the beginning of his trial. In reaching this decision, we relied on the Committee Comments to Rule 9.1(b), quoted above, and on H. Maddox,
 
 Alabama Rules of Criminal Procedure
 
 (1990), in which former Justice Hugh Maddox concludes that a court cannot infer a waiver of the right to be present
 
 *727
 
 unless the defendant was present at the commencement of the trial. We also relied on
 
 Crosby v. United States,
 
 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), in which the United States Supreme Court held that the Federal Rules of Criminal Procedure do not permit the trial of a defendant who is not present at the beginning of trial. However, the
 
 Crosby
 
 Court declined to review Crosby’s claim that his trial
 
 in absentia
 
 was unconstitutional. Therefore, the states may consider this issue in light of their own statutes and procedural rules.
 

 “The Committee Comments to Rule 9.1 and Justice Maddox’s treatise were based on a draft of Rule 9.1 which, like Rule 43, Fed. R.Crim. P., provided that the court may infer waiver of the right to be present if a defendant is absent after his trial has ‘commenced.’ However, Rule 9.1 adopted by the Alabama Supreme Court on May 31, 1990, does not include the ‘commenced’ language. Rule 9.1(b)(ii), Ala. R.Crim. P., currently provides that the court may find that a defendant’s absence was voluntary and that it constituted an understanding and voluntary waiver of his right to be present if the defendant had notice of the time and place of the proceeding and if the defendant was informed of his right to be present. When there is a conflict between a statement found in the committee comments and the plain language of a rule, the rule takes precedence.
 
 Ex parte Anderson,
 
 644 So.2d 961 (Ala.l994)(interpreting Rule 27, Ala. R. Civ. P.).”
 

 Simpson,
 
 874 So.2d at 578-79 (footnote omitted).
 

 “[A] defendant is entitled to be present at every stage of his trial; however, in a non-capital felony case, he may waive his right to continuous presence.
 
 Young v. State,
 
 455 So.2d 208 (Ala.Crim. App.1984). This waiver must be made by him personally and must indicate an affirmative intention to waive his presence as, for instance, by voluntarily absenting himself from the trial itself.
 
 Diaz v. United States,
 
 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912);
 
 Berness v. State,
 
 263 Ala. 641, 83 So.2d 613 (1955);
 
 Young v. State,
 
 supra;
 
 Haynes v. State,
 
 40 Ala.App. 106, 109 So.2d 738, cert, denied, 268 Ala. 546, 109 So.2d 746 (Ala.1959). Where the offense is not capital, a defendant’s voluntary absence, after the trial has begun in his presence, does not void the proceedings up to that point nor prevent the trial court from trying the case to conclusion and operates as a waiver of his right to be present.
 
 Taylor v. United States,
 
 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973);
 
 Diaz v. United States,
 
 supra;
 
 Young v. State,
 
 supra. A defendant who voluntarily absents himself from his trial proceedings may not later seek to profit from his own action by attacking the validity of the judicial process.
 
 Thomas v. State,
 
 395 So.2d 1105 (Ala.Crim.App. 1981).”
 

 Arrington v. State,
 
 773 So.2d 500, 502 (Ala.Crim.App.2000).
 

 In this case, although the trial court’s order references facts that would support a finding that Thompson voluntarily absented himself from jury selection and the trial of his case, the record does not contain evidence in support of those facts. At this juncture, there is no affirmative evidence in the record indicating that Thompson had notice of the time and place of the trial after it was rescheduled. Accordingly, we remand this cause to the circuit court with directions for that court to hold an evidentiary hearing on the issue of whether Thompson waived his right to be present at jury selection and at trial. The
 
 *728
 
 circuit court’s return to remand shall include a transcript of the hearing.
 

 The circuit court is further directed to take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
 

 REMANDED WITH DIRECTIONS.
 
 *
 

 McMILLAN and WISE, JJ., concur. BASCHAB, P.J., and SHAW, J., concur in the result.
 

 *
 

 Note from the reporter of decisions: On April 10, 2009, the Court of Criminal Appeals dismissed the appeal on Thompson's motion.