BURKE, Judge.
Anthony Baggett appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, challenging his May 25, 2006, conviction of first-degree unlawful manufacture of a controlled substance and resulting sentence of life.[1] He states in his petition that he has filed two previous Rule 32 petitions and received an evidentiary hearing on both.[2] In his present petition, which Baggett stated was mailed on December 1, 2011, he marked that the circuit court lacked jurisdiction to render judgment or to impose sentence. In his attached argument in support of his petition, Baggett alleged that he did not waive his right to counsel for his first appeal due to his voluntary absence from his sentencing proceeding. He acknowledged that he was absent from his sentencing because he fled the jurisdiction, but he contended that this action did not constitute a waiver of counsel. He finally contended that this issue is not subject to the preclusionary grounds of Rule 32, Ala.R.Crim.P. Based on his claims, Baggett contended that he is entitled to an evidentiary hearing.
Baggett filed a motion for judgment in his favor based on the State’s failure to file a timely response to his petition. The State then filed a “Rule 32.2-Preclusion of Remedy” motion, alleging that the petition was due to be precluded because it was *854 successive in that Baggett had filed two prior Rule 32 petitions; because the petition was not filed within one year of the time allowed for appeal; and because his ineffectiveness-of-counsel claim was precluded as this was a successive petition.
Baggett filed a response to the State’s filing and argued that his ineffectiveness claim did not concern the ineffectiveness of his counsel, but rather the denial of counsel and was therefore jurisdictional. He argued that the State’s failure to properly refute his claim resulted in its being accepted as true.
The circuit court summarily dismissed Baggett’s petition on the grounds that it was successive and untimely filed. The court also requested that this Court take judicial notice of the prior records on appeal of Baggett’s prior petitions. Baggett filed a motion contesting the circuit court’s order and again arguing that his claim was jurisdictional. The circuit court denied this motion.
On appeal, Baggett again argues that he was denied his right to counsel on his first appeal, which claim, he says, raises jurisdictional concerns and stripped the court’s authority to convict and sentence him. This Court, in affirming by unpublished memorandum opinion, the denial of Baggett’s first Rule 32 petition, stated that Baggett “failed to appear for sentencing on March 2, 2006; sentencing was reset for May 25, 2006; and he again failed to appear. The trial court then sentenced him in absentia....” Baggett v. State (CR-07-0872, October 24, 2008), 33 So.3d 653 (Ala.Crim.App.2008) (table). In his petition, Baggett states that he was subsequently apprehended in South Carolina and was transferred back to Alabama to prison. He states the date of his apprehension in South Carolina to have been October 26, 2006. He was sentenced on May 25, 2006, and the circuit court subsequently denied Baggett’s request for an out-of-time appeal.[3] Baggett was not apprehended until after his 42 days to file an appeal had expired; therefore, he was not entitled to, nor did he request, an attorney while he was an escapee in South Carolina. Because Baggett voluntarily absented himself from the sentencing proceedings by escaping from the jurisdiction, he cannot now profit from this action by claiming that the trial court should have appointed him counsel for an appeal.
‘“Where the offense is not capital, a defendant’s voluntary absence, after the trial has begun in his presence, does not void the proceedings up to that point nor prevent the trial court from trying the case to conclusion and operates as a waiver of his right to be present. Taylor v. United States, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); Diaz v. United States, [223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912)]; Young v. State, [455 So.2d 208 (Ala.Crim.App. 1984)]. A defendant who voluntarily absents himself from his trial proceedings may not later seek to profit from his own action by attacking the validity of the judicial process. Thomas v. State, 395 So.2d 1105 (Ala.Crim.App.1981).’”
Thompson v. State, 12 So.3d 723, 727 (Ala.Crim.App.2008), quoting Arrington v. State, 773 So.2d 500, 502 (Ala.Crim.App.2000). Compare Pratt v. State, 851 So.2d 142, 144 (Ala.Crim.App.2002) (Pratt’s claim that he failed to appeal through no fault of his own because neither the court nor his counsel informed him of this right was without merit because “Pratt admits in his brief on appeal and in his notice of appeal that he voluntarily fled the jurisdiction in order to avoid sentencing.... Because he *855 voluntarily chose to be absent from his sentencing hearing and, as a result, voluntarily forfeited any information the trial court was to impart during the sentencing hearing, Pratt cannot now complain that he was not informed of his rights. Moreover, as for his trial counsel’s alleged failure to inform him of his right to appeal, trial counsel was no longer his counsel because trial counsel had moved to withdraw, presumably because Pratt failed to appear at sentencing. Therefore, Pratt’s failure to appeal was absolutely his own fault.”).
If Baggett had properly appeared at his sentencing, he would have been informed of his right to appeal and would have been appointed counsel for appeal if he so chose. However, because he fled and voluntarily absented himself from his sentencing, he intentionally and voluntarily absented himself from claiming his right to counsel on appeal.
Based on the foregoing, the circuit court’s summary denial of Baggett’s Rule 32 petition is due to be affirmed.
AFFIRMED.
WINDOM, P.J., and WELCH and KELLUM, JJ., concur. JOINER, J., concurs in the result.

. Baggett was also convicted of unlawful possession of a controlled substance and possession of drug paraphernalia. This Court affirmed those convictions, without an opinion. See Baggett v. State (CR-07-0872, October 24, 2008), 33 So.3d 653 (Ala.Crim.App.2008) (table).

. Baggett appealed only the denial of his first petition.

. This denial was upheld by this Court on the appeal of Baggett’s first Rule 32 petition.